**Edmundo ALVAREZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–99–01444–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 6, 2002.

Robert "Bob" Wicoff, Houston, for appellant.

Kevin P. Keating, Asst. Dist. Atty., Houston, for state.

Panel consists of Justices NUCHIA and WILSON.*

### ORDER ON CONTINUING ABATEMENT

DAVIE L. WILSON, J., (Retired).

Appellant, Edmundo Alvarez, was charged by indictment with the offense of capital murder. A jury convicted appellant, and the trial court assessed punishment at confinement for life. We abate and remand.

### Motion for New Trial

In his first and second points of error, appellant argues that the evidence was factually insufficient to show he intended to kill the complainant and that his trial counsel was ineffective for failing to object to testimony about the complainant's family and appellant's marihuana use, and he objects to the prosecutor's statements during closing argument about his demeanor. Because we sustain appellant's third point of error, we do not decide his first and second points of error at this time.

In his third point of error, appellant contends that this Court should abate his

---

* Justice Davie L. Wilson, who retired March 31, 2002, continues to sit by assignment for the disposition of this case, which was submitted on January 22, 2002.

appeal and provide him an opportunity to file an out-of-time motion for new trial because he was denied effective assistance of counsel during the 30–day period for filing a motion for a new trial. Appellant argues that an out-of-time motion for new trial will allow him to make a record to show that his trial attorney was ineffective because he did not object to certain evidence at trial.

 The time period for filing a motion for new trial is a critical stage of a criminal proceeding in which defendants are entitled to assistance of counsel. *Burnett v. State,* 959 S.W.2d 652, 656 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd). A hearing on a motion for new trial is the only opportunity to present to the trial court certain matters that may warrant a new trial, and to make a record of those matters for appellate review. *Trevino v. State,* 565 S.W.2d 938, 940 (Tex.Crim.App. 1978). A motion for new trial hearing is also the proper time to develop a record to demonstrate ineffective assistance of counsel during trial. *Ex parte Torres,* 943 S.W.2d 469, 475 (Tex.Crim.App.1997).

At the conclusion of the sentencing, appellant's attorney stated the following to the court:

> [Appellant] hasn't said he wants me to do the appeal. He has the right to have the [j]udge appoint someone else to do the appeal, not that I don't want to. I would if you want me to. There is one thing, though, that I probably wouldn't do on myself and that is ineffective assistance of counsel. You can have somebody else appointed or I'll do it.

Despite this statement of reservation, appellant's trial attorney was nevertheless appointed to handle appellant's case on appeal.

 The Sixth Amendment to the United States Constitution[1] guarantees both the right to counsel and the right to reasonably effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984). When a conflict of interest exists between the attorney and his client, we determine whether the conflict of interest resulted in ineffective assistance of counsel under *Strickland. See Monreal v. State,* 923 S.W.2d 61, 66 (Tex.App.—San Antonio 1996), *aff'd,* 947 S.W.2d 559, 565 (Tex.Crim.App.1997); *see also Perillo v. Johnson,* 79 F.3d 441, 447 (5th Cir.1996).

 To show ineffective assistance of counsel under *Strickland,* the appellant must show (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment, and (2) but for the counsel's error, there is a reasonable probability that the result of the proceedings would have been different. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Gamble v. State,* 916 S.W.2d 92, 93 (Tex.App.-Houston [1st Dist.] 1996, no pet.). The phrase "right to counsel" necessarily means the right to the "reasonably effective assistance" of counsel. *Robinson v. State,* 16 S.W.3d 808, 812 (Tex.Crim.App.2000). The appellant has the burden to prove ineffective assistance of counsel and must overcome the presumption that, under the circumstances, the challenged action might be considered sound strategy. *Gamble,* 916 S.W.2d at 93. We will not speculate to find trial counsel ineffective when the record is silent. *Id.* When a convicted criminal asserts that his counsel was ineffective, only in rare cases will the record on direct appeal be sufficient for an appellate court to fairly evaluate the claim. *Robinson,* 16 S.W.3d at 813 n. 8. We believe this is one of those rare cases.

---

**1.** U.S. CONST. amend. VI.

■ Here, the trial counsel's statement that he would not argue ineffective assistance of counsel, thus limiting the grounds of appellant's appeal and shielding himself from such adverse claims of ineffectiveness, was a conflict of interest. *Id.* at 811–12. We conclude under these facts that, because of this conflict of interest, appellant did not receive reasonably effective assistance of counsel at the outset of his appeal.

■ The State argues that appellant should not be allowed to file a motion for new trial because he was aware of a potential claim of ineffective assistance of counsel against his trial attorney when that attorney told the trial court that he would not make such a claim on appeal. We disagree. A waiver of the right to conflict-free representation must be knowing, intelligent, and voluntary, and the record must support such a finding. *See Ex Parte Gonzales,* 945 S.W.2d 830, 835 (Tex. Crim.App.1997); *United States v. Greig,* 967 F.2d 1018, 1021 (5th Cir.1992). That is not the case here.

### Conclusion

In this case, abatement is the proper remedy. *See* Tex.R.App.P. 43.6 (providing "court of appeals may make any other appropriate order that the law and nature of the case require"). Therefore, we abate the appeal and remand the cause to the trial court. *See Prudhomme v. State,* 28 S.W.3d 114, 121 (Tex.App.—Texarkana 2000, order). On remand, the appellate timetables are to begin anew, starting from the date this order issues. Tex. R.App.P. 43.6; *Prudhomme,* 28 S.W.3d at 121. If the trial court grants a motion for new trial, the appellate record shall be supplemented with that order, and appellant's appeal will be dismissed. If the trial court overrules a motion for a new trial, the record shall be supplemented with that order and the record of any hearing held on such motion, and the parties will be permitted to brief any issues related to the overruled motion. *See Prudhomme,* 28 S.W.3d at 121.

It is so ORDERED.