In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-01099-CR
____________

OZIEL GONZALEZ GARZA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 883681




O P I N I O NAppellant pled not guilty to possession with intent to deliver more than 400
grams of cocaine. A jury found appellant guilty and assessed punishment at 50 years’
confinement and a $150,000 fine. In twelve points of error, appellant argues that he
was denied effective assistance of counsel. We affirm.
Effective Assistance of Counsel
          In twelve points of error, appellant argues that he was denied effective
assistance of counsel. The standard of review for evaluating claims of ineffective
assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984). See also, Hernandez v. State, 726 S.W.2d 53, 55 (Tex.
Crim. App. 1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st
Dist.] 1996, no pet.). Appellant must show both that (1) counsel’s performance was
so deficient that he was not functioning as acceptable counsel under the Sixth
Amendment, and (2) but for counsel’s error, the result of the proceedings would have
been different. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d
at 93. 
          It is the defendant’s burden to prove ineffective assistance of counsel. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A
defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Strickland, 466 U.S. at
689, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A claim of ineffective assistance
of counsel must be firmly supported by the record. McFarland v. State, 928 S.W.2d
482, 500 (Tex. Crim. App. 1996). We will not speculate to find trial counsel
ineffective when the record is silent. Alvarez v. State, 79 S.W.3d 679, 681 (Tex.
App.—Houston [1st Dist.] 2002 no pet.). When a convicted criminal asserts that his
counsel was ineffective, only in rare cases will the record on direct appeal be
sufficient for an appellant court to fairly evaluate the claim. Robinson v. State, 16
S.W.3d 808, 812 (Tex. Crim. App. 2000).
          In ten points of error, appellant contends that trial counsel failed to object to
testimony that allegedly bolstered the informant’s credibility, to hearsay testimony
that divulged appellant’s alleged post-arrest statement, to other hearsay testimony, to
a comment in the State’s summation that implicated appellant’s ethnicity, and to the
State’s argument that indicated that drug dealers, like appellant, cause crimes and
other bad results. In his eleventh and twelfth points of error, appellant contends that
he was denied effective assistance under the totality of the circumstances.
          Appellant did not file a motion for new trial. As a result, there is no evidence
in the record as to why appellant’s trial counsel did not object to the statements. To
find trial counsel ineffective would call for speculation, which we will not do. See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1999); Gamble, 916 S.W.2d
at 93, see also Henderson v. State, 29 S.W.3d 616, 624 (Tex. App.—Houston [1st
Dist.] 2000, pet. ref’d) (holding trial counsel not ineffective when record silent as to
trial counsel’s reasons for declining to request instruction on concurrent causation). 

          We overrule all of appellant’s points of error.Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Adele Hedges
                                                                        Justice
Panel consists of Justices Hedges, Keyes, and Evans.



Do not publish. Tex. R. App. P. 47.4