In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-01164-CR
____________

CHRISTOPHER FRANKLIN JONES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 871150




MEMORANDUM OPINIONA jury found appellant, Christopher Franklin Jones, guilty of the felony offense
of possession with intent to deliver a controlled substance, namely 3,4-methylenedioxy methamphetamine,


 in an amount weighing at least 400 grams and
assessed punishment at 10 years’ confinement and a $15,000 fine. In three points of
error, appellant contends that (1) the evidence was legally insufficient to prove that
he possessed more than 400 grams of ecstacy, (2) he was denied effective assistance
of counsel during voir dire and at the guilt/innocence stage of trial, and (3) he was
denied effective assistance of counsel during the punishment stage of trial. We
affirm.
Legal Sufficiency
          In his first point of error, appellant challenges the legal sufficiency of the
evidence to prove that he possessed more than 400 grams of ecstacy. We review the
legal sufficiency of the evidence by viewing the evidence in the light most favorable
to the verdict to determine whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim.
App. 2000).
          Appellant cites Apprendi v. New Jersey for the proposition that the quantity of
narcotics is a fact that increases the penalty for the crime of possession with intent to
deliver beyond the statutory maximum, and is therefore an essential element of the
crime that must be submitted to the jury and proved beyond a reasonable doubt. 530
U.S. 466, 120 S. Ct. 2348 (2000).           We disagree with appellant’s rendition of Apprendi’s holding.


 Moreover, in
this case, the indictment alleged that appellant possessed with intent to deliver over
400 grams of ecstacy. The jury charge stated that appellant was charged with
possession with intent to deliver over 400 grams of ecstacy and that the State had to
prove every element of the offense beyond a reasonable doubt. Therefore, the factual
determination of the quantity of narcotics was submitted to the jury. 
          We now turn to whether the quantity of narcotics was proved beyond a
reasonable doubt. Appellant contends that there was no evidence indicating how
many pills were actually tested; therefore, he argues the evidence was insufficient to
find him guilty beyond a reasonable doubt of possession with intent to deliver over
400 grams. Appellant argues that to prove that he possessed more than 400 grams of
ecstacy, the State must have actually tested over 400 grams worth of the pills. 
Otherwise, appellant argues, some of the pills could contain “turkey dope,” not the real
narcotic. 
          Here, the evidence showed that a trail of white pills trickled out of appellant’s
pant leg as he walked away from a ticket line at a Greyhound bus station. After being
notified by an employee, a police officer approached appellant and questioned him. 
Appellant had a baggie of pills in his right front pants pocket and several other bags
of pills in his underwear. Appellant admitted to the officer, without qualification, that
the pills were ecstacy. The total weight of all the pills was over 400 grams, i.e., 630.4
grams. The pills appeared uniform in size and shape. Connie Darringer, a Houston
Police Department chemist, testified that she performed a spot test, a gas
chromatograph mass spectrometer test, an ultraviolet test, and a microcrystalline test
on a sample of the pills and found them to contain ecstacy.
          In Gabriel v. State, the Court of Criminal Appeals addressed this issue. 900
S.W.2d 721, 722 (Tex. Crim. App. 1995). The court held that it was rational for a
fact-finder to conclude that identically packaged substances, which appear to be the
same substance, are in fact that same substance. The manner of testing the substances
by random sampling goes only to the weight the jury may give to the tested substance
in determining that the untested substance is the same as the tested substance. Id. 
          We hold, when viewed in the light most favorable to the verdict, the evidence
is legally sufficient to support the jury’s finding that the appellant possessed over 400
grams of ecstacy. 
          We overrule appellant’s first point of error.
Ineffective Assistance
          In his second and third points of error, appellant contends that he was denied
effective assistance of counsel during voir dire, at the guilt/innocence stage of trial,
and during the punishment stage of trial. The standard of review for evaluating claims
of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984). Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). Appellant must show both that (1)
counsel’s performance was so deficient that he was not functioning as acceptable
counsel under the Sixth Amendment, and (2) there is a reasonable probability that but
for counsel’s error, the result of the proceeding would have been different. Strickland,
466 U.S. at 687, 104 S. Ct. At 2064; Gamble, 916 S.W.2d at 93.
          It is the defendant’s burden to prove ineffective assistance of counsel. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A
defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Strickland, 466 U.S. at
689, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. If there is at least the possibility
that the conduct could have been legitimate trial strategy, we will defer to counsel’s
decisions and deny relief. Ortiz v. State, No. 02-31-003-CR, slip op. at 14, (Tex. Crim.
App. Sept. 25, 2002).
          A claim of ineffective assistance of counsel must be firmly supported by the
record. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). We will
not speculate to find trial counsel ineffective when the record is silent. Alvarez v.
State, 79 S.W.3d 679, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.).
          In his second point of error, appellant contends that there are five errors which,
taken as a whole, made his trial counsel ineffective during voir dire and the guilt-innocence stage of the trial. First, appellant contends that trial counsel told the jury,
in effect, that he believed appellant was guilty. The record reflects that trial counsel
stated the following:
          I’d advised my client to enter a plea of not guilty. I
fully expect the State to prove his guilt beyond any
reasonable doubt. I asked him to do that for the purposes
of strategy. I’d feel awfully foolish if I tell him to plead
guilty. The State still has to put on evidence to show that
he’s guilty. I’d feel awfully foolish, if they tripped and
didn’t do it, somehow. . . . I fully expect you’ll return a
verdict of guilt.
 
The record also reflects that trial counsel repeatedly emphasized probation as a
possible punishment and said that appellant was a “young man that’s worthy of being
tested on probation.”
          There is at least the possibility that these statements, taken in context, could
have been legitimate trial strategy. See id.
          Second, appellant contends that trial counsel’s failure to object to statements
made by the trial judge, during voir dire, regarding the role of the defense attorney,
supports the conclusion that trial counsel was ineffective. In an attempt to explain the
role of the jury at trial, the trial judge gave the following explanation, in sum: (1) a
witness takes the stand and swears to tell the whole truth, (2) the prosecutor asks
questions, and (3) the defense attorney will cross-examine the witness, “probably
trying to mix you [witness] up or mess you [witness] up or try to show your [the
witness’s] testimony was not credible or biased or something [is] wrong with your
testimony. The trial judge then emphasized that it was the job of a juror to listen to
that testimony and decide if he believes all, none, or part of it. The trial judge stated
that it would be nice if witnesses told the whole truth, “but the reality is, it doesn’t
always happen.” 
          Appellant takes the trial court’s statement out of context. The point of the trial
court’s statements was to explain the role of the jury, not the role of the attorneys. The
reference made to the defense attorney was in the context of a hypothetical. We
cannot say that trial counsel was deficient for failing to object to the trial court’s
explanation. Moreover, even if an objection would have been proper, there is at least
the possibility that not objecting was legitimate trial strategy. See Ortiz, No. 02-31-003-CR, slip op. at 14.
          Third, appellant contends that trial counsel’s failure to question the chemist
about the number of pills she tested and found to contain ecstacy, supports the
conclusion that trial counsel was ineffective. The chemist testified that she tested a
sample of the pills and found them to contain ecstacy. Because testing of a sample can
be sufficient to prove the aggregate weight of the whole, the trial counsel was not
ineffective when he did not question the chemist about the number of pills she tested. 
Gabriel, 900 S.W.2d at 722.
          Fourth, appellant contends that trial counsel’s failure to object to extraneous
offense evidence contributes to the conclusion that trial counsel was ineffective. In
his testimony, Houston Police Officer D.S. Crawford described the ecstacy trade in
Houston, the price of an ecstacy pill, the age of the average user, the drug’s side
effects, and that he was aware of three girls who have overdosed on ecstacy, one
resulting in death. Appellant argues that this information had little relevance, if any,
and was highly prejudicial. Appellant argues that he has no connection with the girls
who overdosed. 
          Even assuming, arguendo, that trial counsel should have objected to this
testimony and failing to do so rendered his assistance ineffective, appellant did not
prove that there is a reasonable probability that but for counsel’s error, the result of the
proceedings would have been different. An eyewitness testified that she saw a trail
of white pills trickle out of appellant’s pant leg as he walked away from a ticket line
at the Greyhound bus station. An officer found a baggie of pills in his right front pant
pocket and several other bags of pills in his underwear. Appellant admitted, without
qualification, that the pills were ecstacy. A chemist, after performing several tests,
concluded that the pills were ecstacy. Considering this evidence, we cannot say that
a reasonable probability exists that but for counsel’s error, the result of the
proceedings would have been different.
          Finally, appellant contends that, (1) because the State did not prove that the pills
aggregated weight was over 400 grams, his trial counsel should have requested a lesser
included offense instruction and (2) trial counsel should not have waived closing
argument at the guilt stage of trial. 
          Because testing of a sample can be sufficient to prove the aggregate weight of
the whole, the trial counsel was not ineffective when he did not request a lesser
included offense instruction. Id.
          The record is silent as to why trial counsel did not make a closing argument at
the guilt stage of trial. Appellant did not file a motion for a new trial and we will not
speculate in an effort to determine trial counsel’s strategy. There is at least the
possibility that this could have been legitimate trial strategy. See Ortiz, No. 02-31-003-CR, slip op. at 14.
          Upon review of the totality of the representation, we hold that appellant has
failed to satisfy the two prongs of the Strickland test.
          We overrule appellant’s second point of error.
          In his third point of error, appellant contends that his trial counsel was
ineffective because he presented harmful evidence of appellant’s extraneous conduct
during the punishment stage. During direct examination, appellant testified that
during his childhood he had several stepfathers, he moved frequently, and that he lived
on his own during his senior year of high school because he and his stepfather did not
get along. Following this testimony, appellant explained that a friend, knowing he was
in need of money, got him involved in transporting ecstacy. Appellant then described
the first and only other time he transported ecstacy, which included a trip to Mardi
Gras where he spent $600 in two days. 
          Appellant argues that trial counsel should not have asked him about this
extraneous offense or about his trip to Mardi Gras because this information was
damaging. 
          Trial counsel’s strategy for asking about the extraneous offense is clear from his
closing argument. In closing, trial counsel argued:
          I submit to you that for the last four or five years of
this young man’s life he had no guidance. He was turned
loose on his own at about 18 years of age, when
unfortunately his mother had married somebody he
couldn’t get along with. . . . Something happened to change
him. . . . To throw him in the pit with the lions would ruin
him forever, regardless of how long he had to serve in the
penitentiary. . . . This young man told you that he met a
person named Tony Villareal. . . . That befriended him,
treated him nice, took him to lunch, took him to ball
games. Later told him he was a dope dealer. . . . Finally it
hit upon him. You can make some money. . . . Very easy
thing to do. Did it one time, he told you. That tells you
why this young man has been truthful with you. I’m sure
the State is going to try to tell you he’s dealing drugs. If he
were doing that I think he probably would have told [you]
about it. Otherwise, why did he tell you that he’d done this
even once before?
 
          Trial counsel was portraying appellant as a young adult who, because he did not
have parental support and guidance, and because he naively befriended the wrong
person, got involved in transporting narcotics. He emphasized that appellant was a
trustworthy person and not a drug dealer. Trial counsel’s direct examination of
appellant laid the foundation for his closing argument. There is at least the possibility
that this could have been legitimate trial strategy. See Ortiz, No. 02-31-003-CR, slip
op. at 14.
          We overrule appellant’s third point of error.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Adele Hedges
                                                                        Justice
Panel consists of Justices Hedges, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).