In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00583-CR
____________

FABIAN RENE GARCIA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 887491




O P I N I O NA jury found appellant, Fabian Rene Garcia, guilty of capital murder, and the
trial court assessed punishment at confinement for life.


 In three points of error,
appellant contends that (1) the trial court erred in (a) granting the State’s motion in
limine and (b) failing to suppress appellant’s video-taped statement, and (2) appellant
was denied effective assistance of counsel during the guilt/innocence phase of his
trial. We affirm.Background
          During the early morning hours of September 1, 2001, Frank Ibanez,
complainant, drove his blue Impala into the parking lot of the Chili’s Restaurant
located at Westheimer and Greenridge in Houston. Complainant was accompanied
by two friends, Ulises Martinez, and Joe Antonio Garcia.
          As complainant was about to leave, two armed men ran up to his car. One of
the men, later identified as Sostenes Salinas, a/k/a “Tooter,” pointed an assault rifle
at complainant while he was sitting in the driver’s seat. The other man, later
identified as Fabian Rene Garcia, appellant, pointed a pistol at Joe Garcia who was
sitting in the passenger side. The gunmen shouted obscenities and ordered all the
passengers to get out of the car and to get on the ground. Martinez and Joe Garcia
complied, but the complainant told the gunman, “If you are going to shoot me, shoot
me.” Several shots were fired, and complainant was found dead in the parking lot. 
Although there were other persons standing in the parking lot who saw the robbery,
none of these eyewitnesses was able to identify the two gunmen. 
          The complainant’s car was later found cut-up and stripped on Arnulfo
Legoretta’s property located in San Jacinto County. Evidence presented at trial
showed that Legoretta’s son was in Tooter’s car when Tooter decided to rob
complainant.
Motion in Limine
          In his first point of error, appellant contends that the trial court erred in
granting the State’s motion in limine regarding an “independent impulse” defense. 
The defense of independent impulse “embrace[s] the theory that an accused, though
he was admittedly intent on some wrongful conduct, nevertheless did not contemplate
the extent of criminal conduct actually engaged in by his fellows, and thus cannot be
held vicariously responsible for their conduct.” Mayfield v. State, 716, S.W.2d 509,
513 (Tex. Crim. App. 1986) overruled in part, Solomon v. State, 49 S.W.3d 356, 368
(Tex. Crim. App. 2001). The motion required appellant’s counsel to approach the
bench and inform the court and the State that he intended to mention or refer to the
defense of independent impulse in front of the jury during voir dire or the
guilt/innocence stage of trial. Appellant concedes that he did not have a right to have
the defense submitted to the jury in the charge as an affirmative defense. However,
he contends that he did have a right to voir dire on that theory of defense and had a
right to argue the substance of that defense to the jury. 
          A ruling granting a motion in limine does not preserve error on appeal. 
Wilkerson v. State, 881 S.W.2d 321, 326 (Tex. Crim. App. 1994). A ruling on a
motion in limine that excludes evidence “is subject to reconsideration throughout
trial” and in order “to preserve error an offer of the evidence must be made at trial.” 
Warner v. State, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998). 
          During voir dire, appellant made no attempt to explain the independent impulse
defense to the venirepersons and made no attempt to question the venirepersons about
it. He failed to ask the trial court to reconsider the issue. Accordingly, he has not
preserved error for our review.
          Likewise, during the guilt-innocence stage of trial, appellant neither made an 
attempt to explain the independent impulse defense to the jury nor did he ask in any
way for the trial court to reconsider the issue. 
          Appellant did not offer any evidence that would establish the defense and, in
fact, his testimony negated it. Appellant testified that he did not plan or intend to rob
anybody and that he was surprised when Tooter jumped out of the car. He testified
that he was trying to stop Tooter, and that he repetitively told Tooter and the
witnesses “to chill out.” Appellant presented no evidence that he agreed or conspired
to commit the underlying robbery or that he intended to promote or assist in the
commission of the underlying robbery. Therefore, the evidence he presented did not
raise the independent impulse defense. If a party fails to offer the evidence, error is
not preserved and the complaint is waived. Taylor v. State, 939 S.W.2d 148, 155
(Tex. Crim. App. 1996).
          We overrule appellant’s first point of error.
Motion to Suppress
          In his second point of error, appellant contends that the trial court erred in
denying his motion to suppress his videotaped statement. He argues that the
statement should be suppressed because it was made while he was in custody and the
officers did not give him Miranda warnings. Miranda v. Arizona, 384 U.S. 436, 86
S. Ct. 1602 (1966). 
          We review a trial court’s ruling on a motion to suppress using a bifurcated
standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).
First, we give almost total deference to a trial judge’s determination of historical facts
and application of the law to fact questions that turn on credibility and demeanor of
the witnesses. Id.; Martinez v. State, 29 S.W.3d 609, 611 (Tex. App.—Houston [1st
Dist.] 2000, pet. ref’d). Second, we review de novo application of the law to fact
questions that do not turn upon credibility and demeanor. Carmouche, 10 S.W.3d at
327. 
          The trial court denied appellant’s motion to suppress. In its findings of fact and
conclusions of law, the trial court concluded as follows: (1) appellant was not in
custody at the time his videotaped statement, State’s Exhibit 121, was made; (2) the
statement was not the product of promises or coercion; (3) the statement was
admissible as it was not the product of custodial interrogation; and (4) the statement
was freely, knowingly, and voluntarily given. 
          Article 38.22 section (3)(a) provides that, “no oral or sign language statement
of an accused made as a result of custodial interrogation shall be admissible against
the accused in a criminal proceeding” unless certain exceptions are met. Tex. Code
Crim. P. Ann. art. 38.22 § 3(a) (Vernon 2002). Article 38.22 section 5 provides that
nothing in this article precludes the admission of a statement that does not stem from
custodial interrogation. Tex. Code Crim. P. Ann. art. 38.22 § 5 (Vernon 2002). 
          “A person is in ‘custody’ only if, under the circumstances, a reasonable person
would believe that his freedom of movement was restrained to the degree associated
with a formal arrest.” Dowhitt v. State, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996);
Chiles v. State, 988 S.W.2d 411, 413 (Tex. App.—Houston [1st Dist.] 1999 pet.
ref’d). “The reasonable person standard presupposes an innocent person.” Dowhitt,
931 S.W.2d at 254. In Dowhitt, the Court of Criminal Appeals inferred custody when
the circumstances consisted of (1) a very long time period during which interrogation
occurred, (2) the exercise of police control over the defendant, and (3) the
manifestation of probable cause after the defendant admitted to being present at the
scene of the crime. 913 S.W.2d at 257.
          Officer Henry Chisolm was the only witness who testified at the suppression
hearing. Chisolm testified that Legoretta told him that appellant was involved in the
robbery and murder. He also testified that he was there when Sergeant Ferguson
called appellant’s girlfriend and told her that the police wanted to speak with
appellant. Appellant and his girlfriend voluntarily went to the Houston Police
Department and waited in the visitor’s room to speak with Chisolm. Chisolm told
appellant that they would like to videotape his statement. Chisolm also told him that
he was free to leave, that he was there voluntarily, and that he could talk about the
incident if he wanted to. After Chisolm briefly told appellant the information the
police had, appellant told him that he wanted to tell his side of the story. Chisolm
testified that appellant was very willing to talk to him. 
          There were only two officers in the room when appellant gave his statement. 
Neither officer was armed. The police did not advise appellant of his rights under
Miranda. There was no evidence that the officers coerced or forced appellant to
make a statement. The videotaped statement was approximately 30 minutes long. 
After appellant completed his statement, he was escorted back to the visitor’s room
where he was left unguarded with his girlfriend. Chisolm testified that there was
nothing to prevent appellant from getting up and walking out of the police
department. Appellant was still not under arrest. 
          Within the hour, Chisolm contacted the assistant district attorney and told him
about appellant’s statement, and charges against appellant were filed. 
          We hold that the trial court did not abuse its discretion in denying appellant’s
motion to suppress. A reasonable person in appellant’s position would not have
believed he was restrained to the degree associated with a formal arrest. Accordingly,
we overrule appellant’s second point of error. 
Effective Assistance
          In his third point of error, appellant argues that he was denied effective
assistance of counsel. The standard of review for evaluating claims of ineffective
assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984). See also Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). Appellant must show both that (1)
counsel’s performance was so deficient that he was not functioning as acceptable
counsel under the Sixth Amendment, and (2) but for counsel’s error, the result of the
proceedings would have been different. Strickland, 466 U.S. at 687, 104 S. Ct. at
2064; Gamble, 916 S.W.2d at 93. 
          It is the defendant’s burden to prove ineffective assistance of counsel. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A
defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Strickland, 466 U.S. at
689, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A claim of ineffective assistance
of counsel must be firmly supported by the record. McFarland v. State, 928 S.W.2d
482, 500 (Tex. Crim. App. 1996). We will not speculate to find trial counsel
ineffective when the record is silent. Alvarez v. State, 79 S.W.3d 679, 681 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). When a convicted criminal asserts that his
counsel was ineffective, only in rare cases will the record on direct appeal be
sufficient for an appellant court to fairly evaluate the claim. Robinson v. State, 16
S.W.3d 808, 812 (Tex. Crim. App. 2000).
          Appellant contends that he was denied effective assistance of counsel because
his trial counsel did not understand the holding in Solomon v. State, 49 S.W.3d 356
(Tex. Crim. App. 2001). In response to the State’s motion in limine, appellant’s trial
counsel argued that Solomon should not be followed because “that case could be
reversed next week, and we never really know how any type of particular appellate
issue is going to be resolved in the future.” Appellant contends that the independent
impulse defense was his only defense; therefore, his trial counsel was deficient by
failing to argue and present evidence to establish it. We disagree.
          The independent impulse defense was not appellant’s only defense. Trial
counsel argued and presented evidence that appellant did not promote, encourage, or 
agree to aid Tooter in the robbery. There was also evidence that appellant was an
innocent witness who was trying to thwart the entire encounter. The trial counsel was
not deficient simply because appellant’s trial counsel chose a defense strategy other
than independent impulse.
          Appellant also contends that trial counsel failed to object to (1) the State’s voir
dire explanation of section 7.02(b) of the Penal Code and (2) the State’s misstatement
about whether a witness had identified the appellant. During voir dire, the State
explained that section 7.02(b) requires that a reasonable person in defendant’s
position foresee that the murder might happen. Appellant argues that this statement
led the jury into believing that it did not have to find beyond a reasonable doubt that
appellant anticipated the murder would result. During the State’s examination of
Ruth Perez, a witness who could not identify appellant, the State asked, “And we
talked about Mr. Garcia yelling stuff like get on the floor, basically telling them to get
on the ground.”
          Appellant did not allege that his counsel was ineffective in his motion for new
trial. As a result, there is no evidence in the record as to why appellant’s trial counsel
did not object to the statements. Isolated failures to object to improper evidence or
certain procedural mistakes do not constitute ineffective assistance of counsel. 
Ingraham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). To find trial
counsel ineffective would call for speculation, which we will not do. See Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1999); Gamble, 916 S.W.2d at 93; see
also Henderson v. State, 29 S.W.3d 616, 624 (Tex. App.—Houston [1st Dist.] 2000,
pet. ref’d) (holding trial counsel not ineffective when record silent as to trial
counsel’s reasons for declining to request instruction on concurrent causation). 
          We overrule all of appellant’s points of error.
 
Conclusion
          The trial court’s judgment is affirmed.
 
                                                                        Adele Hedges
                                                                        Justice
Panel consists of Justices Hedges, Nuchia, and Keyes.