In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00947-CR
____________

HAROLD RAY BRIGHTMON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 907915




MEMORANDUM OPINION A trial court found appellant, Harold Ray Brightmon, guilty of aggravated
robbery and assessed punishment at 25 years’ confinement. In his sole point of error,
appellant contends that he was denied effective assistance of counsel because
appellant’s attorney (1) failed to object to the admissibility of a videotape showing
appellant committing the offense and (2) failed to argue that appellant was innocent
or that appellant should be found guilty of only a lesser included offense, during the
closing of the guilt/innocence phase of his trial. We affirm.Background
          On April 5, 2002, appellant entered Radio Shack on 10810 West Bellfort in
Harris County, Texas, where Luke Kwan was working as a manager. Once the other
customers had left, appellant produced a handgun, told Kwan to give him “all the
money,” took the money, and then exited the store. Kwan went outside and told two
patrons that he had been robbed. The patrons, who were retired police officers,
followed, caught, and held appellant at gunpoint until on-duty Houston Police Officer
Richard Lowe, arrived. Officer Lowe recovered a loaded semi-automatic handgun
and the stolen cash from appellant. The officer then escorted appellant back to the
store, where Kwan identified appellant as the robber. Officer Lowe also took
possession of the store’s security videotape, which had recorded the incident. 
Ineffective Assistance
          In his sole point of error, appellant contends that he was denied effective
assistance of counsel. The standard of review for evaluating claims of ineffective
assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984). See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002). Appellant must show both that (1) counsel’s performance was so deficient as
to fall below the objective standard of professional norms and, (2) but for counsel’s
error, there is a reasonable probability the result of the proceedings would have been
different. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Bone, 77 S.W.3d at 833. 
          Appellant has the burden to prove ineffective assistance of counsel and to rebut
the presumption that counsel was acting on sound trial strategy. Strickland, 466 U.S.
at 689, 104 S. Ct. at 2064; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994); Henderson v. State, 29 S.W.3d 616, 624 (Tex. App.—Houston [1st Dist.]
2000, pet. ref’d). 
The Videotape Was Admissible
          Appellant first contends that he was denied effective assistance of counsel
because his trial counsel failed to object to the State’s introduction of videotaped
evidence without the proper predicate required by Rule 901 of the Texas Rules of
Evidence. TEX. R. EVID. 901. Under this rule, the proper predicate for admitting
videotape evidence requires proof that (1) it is an accurate representation of events
at a given time and (2) it is relevant to the issue. Id.; Farrell v. State, 837 S.W.2d
395, 400 (Tex. App.—Dallas 1992), aff’d, 864 S.W.2d 501 (Tex. Crim. App. 1993). 

          Videotaped evidence is admitted with the proper predicate when the testimony
of an officer who takes possession of the tape, and, who testifies as to its authenticity,
is combined with the testimony of a witness to the offense who can testify as to the
videotape’s accuracy. S.D.G. v. State, 936 S.W.2d 371, 383 (Tex. App.—Houston
[14th Dist.] 1996, pet. denied). In this case, the manager present during the robbery
testified as to the videotape’s accuracy, and the officer who took custody of the
videotape testified as to its authenticity by establishing a chain of custody. Because
the State laid the proper predicate for admission of the videotape, an objection would
have been futile. Appellant’s trial counsel was not ineffective for not objecting to the
admissible videotape.
The Closing Argument Was Appropriate
          Appellant also contends that he was denied effective assistance because, during
closing arguments of the guilt/innocence stage, trial counsel did not argue that
appellant was “not guilty” or that he should be found guilty of a lesser-included
offense. 
          If counsel’s acts or omissions rise to the level of a complete abdication of the
adversarial system, then assistance is ineffective. Jordan v. State, 859 S.W.2d 418,
422 (Tex. App.—Houston [1st Dist.] 1993, no pet.). Appellant must overcome the
presumption that counsel’s acts or omissions can be construed as reasonable trial
strategy. Strickland, 466 U.S. at 689; Jackson, 877 S.W.2d at 771; Henderson, 29
S.W.3d at 624. The record on direct appeal, which must support the claim of
ineffective assistance of counsel, is rarely sufficiently developed to do so. Bone, 77
S.W.3d at 833-835. We will not speculate to find trial counsel ineffective when the
record is silent on counsel’s strategy. See Alvarez v. State, 79 S.W.3d 679, 681 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). 
          Choosing not to argue innocence during closing in the face of overwhelming
evidence of guilt can be considered sound trial strategy when counsel anticipates
success would be limited to the punishment phase. Jordan, 859 S.W.2d at 422. The
record reflects that appellant’s trial counsel made the following argument during
closing, “As far as guilt or innocence Your Honor, the evidence speaks for itself. . .
. The videotape and the testimony will rest on the testimony of the individuals. And
we will rest and close on that.” During the punishment phase, appellant’s trial
counsel argued that there were mitigating factors that should be considered by the
trial court in determining punishment. Those factors included the following:
evidence that (1) appellant did not point the gun at Kwan, but merely showed it to
him; (2) appellant did not commit additional violence at the store; and (3) appellant
was apprehended by an older, retired officer without incident. Appellant was
assessed only 25 years in a range of five to 99 years or life. Appellant did not file a
motion for new trial and the record does not otherwise reveal counsel’s strategy. 
Appellant cannot overcome the presumption that counsel engaged in sound trial
strategy. 
          Accordingly, we overrule appellant’s sole point of error.
Conclusion
          The trial court’s judgment is affirmed.
 
                                                                        Laura Higley
                                                                        Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Higley.