**Kenneth L. PRUDHOMME, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–99–00114–CR.**

Court of Appeals of Texas,
Texarkana.

Aug. 16, 2000.

Belinda J. Chagnard, Houston, for appellant.

Luther A. Dulevitz, Asst. Dist. Atty., Calvin A. Hartmann, Harris County Dist. Atty.'s Office, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

ORDER

DONALD R. ROSS, Justice.

Kenneth L. Prudhomme pled guilty, without a plea agreement recommendation for punishment, to the first degree felony offense of aggravated sexual assault of a person younger than fourteen years of age. After a punishment hearing before the bench, the trial court found Prudhomme guilty of the charged offense and imposed a sentence of life imprisonment. Prudhomme appeals the conviction and contends that:

(1) He was denied the right to counsel during a critical stage of trial in violation of both the United States Constitution and the Texas Constitution.

(2) He was denied the right to effective assistance of counsel in violation of both the United States Constitution and the Texas Constitution.

(3) The evidence was legally insufficient to support his conviction because a variance allegedly existed between the indictment and the "judicial confession."

Prudhomme was charged by indictment for the aggravated sexual assault of his eight-year-old stepdaughter by unlawfully, intentionally, and knowingly causing penetration of the female sexual organ by placing his finger in the female sexual organ of a person younger than fourteen years of age who was not his spouse.[1] On March 29, 1999, Prudhomme waived a jury trial and pled guilty to the charged offense without a plea agreement recommendation for punishment. The trial court accepted the plea of guilty, but withheld judgment and sentencing pending preparation of a presentence investigation (PSI) report.

The PSI report ultimately reflected that Prudhomme had sexually assaulted all three of his stepdaughters on numerous occasions for a period of fifteen months. Following the trial court's review of the PSI report, a punishment hearing was held. At the hearing, Prudhomme testified that he believed his use of crack cocaine and alcohol contributed to the sexual abuse. On May 26, 1999, the trial court found Prudhomme guilty of aggravated sexual assault and imposed a sentence of life imprisonment.

Throughout his trial, Prudhomme was represented by counsel,[2] and the record does not contain a motion to withdraw filed on behalf of trial counsel. However, twenty-five days after his sentence was imposed, on June 24, 1999, Prudhomme filed a *pro se* motion for substitution of attorney, together with a *pro se* notice of appeal.[3] At that same time, Prudhomme also filed a *pro se* motion that was entitled "Motion to Withdraw Plea of Guilty or Nolo Contendere," in which Prudhomme swore under oath that his plea was involuntary due to ineffective assistance of trial counsel.[4] A month later, on July 23, 1999, Prudhomme appeared in the trial court, filed a pauper's oath, and was subsequently appointed his present counsel for the purpose of appeal. Prudhomme's *pro se* "Motion to Withdraw Plea" was never presented to the trial court for a hearing, and no hearing was ever held. The motion was never expressly ruled on by the trial court before the termination of its jurisdiction.

■ In his first point of error before this Court, Prudhomme contends that he was deprived of counsel during the time period for filing and presenting a motion for new trial. Under the Texas Rules of Appellate Procedure, if a criminal defendant desires to file a motion for new trial, he must do so within thirty days after his

---

1. Prudhomme also appeals his convictions in two companion cases, No. 06–99–00115–CR and No. 06–99–00116–CR. The victims in those cases were his other two stepdaughters, who were nine and eleven. In both of those cases, Prudhomme was charged with unlawfully, intentionally, and knowingly causing the sexual organ of the children *to contact his mouth*.

2. We presume trial counsel was retained, because the record does not contain anything to indicate that Prudhomme had been declared indigent at that time and because of Prudhomme's affidavit that his counsel accepted a partial payment of fees.

3. Prudhomme sent the motions by certified mail on June 20, 1999, and the motions were received by the trial court and file-stamped on June 24, 1999.

4. In the "Motion to Withdraw Plea," Prudhomme swore under oath that his plea was not intelligent and voluntary for the following reasons: (1) the night before sentencing, counsel admitted that he had never before tried a sexual assault case, (2) he asked counsel to remove himself from the case and counsel informed him that the judge would not allow him to do so, (3) counsel would not offer defendant a defense strategy but insisted that he agree to a plea bargain for forty years, (4) he believes that counsel accepted partial payment of fees, "up front," with the full understanding that he could not provide Prudhomme reasonably effective assistance of counsel, and (5) counsel told him that he would get a probated sentence.

sentence has been imposed or suspended in open court. TEX.R.APP. P. 21.4. A motion for new trial can be amended at any time within the same thirty days so long as the amendment is made before the court overrules any preceding motion for new trial, *id.*, but a motion for new trial cannot be amended after the thirty days, even with leave of court. *Dugard v. State*, 688 S.W.2d 524, 529–30 (Tex.Crim.App.1985), *overruled on other grounds, Williams v. State*, 780 S.W.2d 802, 803 (Tex.Crim.App. 1989); *Belton v. State*, 900 S.W.2d 886, 901–02 (Tex.App.-El Paso 1995, pet. ref'd); *Groh v. State*, 725 S.W.2d 282, 285 (Tex. App.-Houston [1st Dist.] 1986, pet. ref'd); *Heckathorne v. State*, 697 S.W.2d 8, 10 (Tex.App.-Houston [14th Dist.] 1985, pet. ref'd). Prudhomme contends that this thirty-day time period was a critical stage of the proceeding and that denial of assistance of counsel during this time was a violation of his right to counsel under the Texas Constitution and the Sixth Amendment to the United States Constitution.

 It is well settled that criminal defendants have a constitutional right to effective assistance of counsel on appeal, whether counsel is appointed or retained. *Evitts v. Lucey*, 469 U.S. 387, 395–96, 105 S.Ct. 830, 835–36, 83 L.Ed.2d 821, 829–30 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex.Crim.App.1987). However, the law is not settled on the issue of whether there is a right to effective assistance of counsel during the time limit for filing and presenting a motion for new trial. A criminal defendant is constitutionally entitled to the assistance of counsel at each critical stage of his prosecution, absent a valid waiver. *Michigan v. Jackson*, 475 U.S. 625, 626, 106 S.Ct. 1404, 1405–06, 89 L.Ed.2d 631, 636 (1986); *Upton v. State*, 853 S.W.2d 548, 553 (Tex.Crim.App.1993). The determination of whether a particular time period is a critical stage turns on an assessment of whether, at the time in question, "the accused required aid in coping with legal problems or assistance in meeting his adversary." *United States v. Ash*, 413

U.S. 300, 313, 93 S.Ct. 2568, 2575, 37 L.Ed.2d 619, 628 (1973); *Green v. State*, 872 S.W.2d 717, 720 (Tex.Crim.App.1994).

 We find it to be indisputable that counsel can be useful in coping with legal problems in preparing, filing, presenting, and obtaining a hearing on a proper motion for new trial, because the process of preserving error with a motion for new trial is governed by a myriad of rules and can be a rather arduous task. *See, e.g., Bacey v. State*, 990 S.W.2d 319, 335 (Tex. App.-Texarkana 1999, no pet.) (because defendant did not call the trial court's attention to its failure to schedule a requested hearing on the motion for new trial within the seventy-five-day period, she waived her complaint); *White v. State*, 982 S.W.2d 642, 646 (Tex.App.-Texarkana 1998, pet. ref'd) (defendant failed to preserve error where he failed to present affidavit with his motion for new trial); *Smith v. State*, 968 S.W.2d 490, 494 (Tex.App.-Texarkana 1998, no pet.) (because defendant did not use a motion for new trial to determine counsel's trial strategy for the record, the ineffective assistance claim with respect to voir dire must be denied); *Norman v. State*, 844 S.W.2d 903, 904 (Tex.App.-Texarkana 1992, no pet.) (defendant failed to preserve error for review by failing to raise his objection, either contemporaneously or in motion for new trial, to trial court's failure to conduct separate punishment hearing). We also find it to be beyond dispute that a motion for new trial can be an extremely important tool for presenting an appeal. A motion for new trial is generally not a prerequisite to an appeal, but it can be indispensable for a meaningful appeal of issues which are reliant on facts outside the record. *See* TEX. R.APP. P. 21.2; 43 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 41.01 (1995 & Supp. 2000).

 While the Texas Court of Criminal Appeals has purposely not addressed whether a defendant is entitled to counsel during the time limit for filing a motion for

new trial, *Smith v. State,* 17 S.W.3d 660, 663 n. 3 (Tex.Crim.App.2000); *Oldham v. State,* 977 S.W.2d 354, 360–61 (Tex.Crim. App.1998), the court has held "[w]ithout doubt *the hearing* on a motion for new trial is a critical stage of the proceedings" because "[i]t is the only opportunity to present to the trial court certain matters that may warrant a new trial, and to make a record on those matters for appellate review," *Trevino v. State,* 565 S.W.2d 938, 939 (Tex.Crim.App.1978) (emphasis added). Several courts of appeals have further held that the time period for filing a motion for new trial is a critical stage of a criminal proceeding in which criminal defendants are entitled to assistance of counsel. *Hanson v. State,* 11 S.W.3d 285, 288 (Tex.App.-Houston [14th Dist.] 1999, no pet. h.); *Massingill v. State,* 8 S.W.3d 733, 736 (Tex.App.-Austin 1999, no pet. h.); *Burnett v. State,* 959 S.W.2d 652, 656 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd). As the First Court of Appeals aptly stated, "If a hearing on a motion for a new trial is a critical stage [as held by the Texas Court of Criminal Appeals in *Trevino* ], then logic dictates that the time period for filing the motion is also a critical stage of the proceedings." *Burnett,* 959 S.W.2d at 656. We agree, and today we join our sister courts in holding that the time period for filing a motion for new trial is a critical stage of the proceedings during which a criminal defendant is constitutionally entitled to assistance of counsel.

In the present case, Prudhomme contends that the record affirmatively shows that he was deprived of counsel during this critical time period. Prudhomme was represented by counsel throughout trial, and the record does not contain a motion to withdraw filed on behalf of trial counsel. However, twenty-five days after his sentence was imposed, Prudhomme sent three *pro se* motions to the trial court: a *pro se* notice of appeal, a *pro se* motion to substitute counsel of record with an unnamed appellate counsel, and a *pro se* motion that was entitled "Motion to Withdraw Plea" in which Prudhomme contended his plea was

involuntary due to ineffective assistance of trial counsel. The record does not reflect that trial counsel was ever aware of these motions or presented them to the trial court or requested a hearing. Fifty-eight days after his sentence was imposed, Prudhomme appeared in the trial court, signed a pauper's oath, and was appointed counsel for the purpose of appeal.

When the record does not reflect that trial counsel withdrew or was replaced by new counsel after sentencing, there is a rebuttable presumption that trial counsel continued to effectively represent the defendant during the time limit for filing a motion for new trial. *See Smith,* 17 S.W.3d at 662–63; *Oldham,* 977 S.W.2d at 363. As such, when a motion for new trial is not filed in a case, there is a rebuttable presumption that the defendant was counseled by his attorney regarding the merits of the motion and ultimately rejected the option. *Oldham,* 977 S.W.2d at 363. And, this presumption will not be rebutted when there is nothing in the record to suggest otherwise. *Smith,* 17 S.W.3d at 662–63 (presumption not rebutted where defendant filed *pro se* notice of appeal in which he alleged counsel was ineffective and defendant subsequently appeared without counsel to sign a pauper's oath and to request new counsel); *Oldham,* 977 S.W.2d at 363 (presumption not rebutted where defendant filed a *pro se* notice of appeal and an affidavit of indigency on the twenty-eighth day after sentencing and, on the twenty-ninth day, a notation was made in a court document stating the attorney of record on appeal was "to be determined"). Furthermore, the filing of "a *pro se* notice of appeal is evidence that [the defendant] must have been informed of at least some of her appellate rights, and we presume she was adequately counseled unless the record affirmatively displays otherwise." *Oldham,* 977 S.W.2d at 363.

In the present case, we find that all of the aforementioned presump-

tions have been rebutted. The record affirmatively shows that Prudhomme was interested in the option of filing a motion for new trial and that he was not adequately assisted by counsel in doing so. Prudhomme filed a motion entitled "Motion to Withdraw Plea." The Texas Court of Criminal Appeals has held that such a motion filed after sentencing should be treated as a motion for new trial.[5] *State v. Evans*, 843 S.W.2d 576 (Tex.Crim.App.1992) (although defendant's motion was mislabeled as a motion to withdraw plea, it was in effect a motion for new trial). Thus, the fact that Prudhomme filed what was effectively a *pro se* motion for new trial rebuts the presumption that he was not interested in pursuing such an option. Furthermore, although the filing of *pro se* motions indicates that Prudhomme was informed of some of his appellate rights, the record affirmatively rebuts the presumption that Prudhomme was adequately counseled regarding his rights. The *pro se* motion for new trial was never presented to the trial court, and a hearing was never requested on the motion. And, because the motion was grounded on ineffective assistance of trial counsel, it may have been a conflict of interest for trial counsel to prepare and argue the motion. We therefore conclude that the filing of Prudhomme's *pro se* motion for new trial which complained about the ineffective assistance of his trial counsel and which did not request a hearing and was not presented, together with the filing of the *pro se* notice of appeal and the *pro se* motion to substitute trial counsel for an unnamed appellate counsel affirmatively rebuts the presumption that Prudhomme was assisted by counsel during the time limit for motions for new trial.

■ We acknowledge that Prudhomme was appointed appellate counsel fifty-eight days after sentencing, at which time the trial court had jurisdiction for seventeen more days. *See* Tex.R.App. P. 21.8. However, in *Massingill*, the Austin Court of Appeals found deprivation of counsel during a critical stage of the proceedings where the defendant was only deprived of counsel the last sixteen days of the critical thirty-day time period. *See Massingill*, 8 S.W.3d at 737. In the present case, Prudhomme was without counsel for the entire critical thirty-day period, and the record affirmatively shows that Prudhomme was without adequate counsel to assist him in preparing, presenting, and arguing a motion for new trial. We find this deprivation of counsel to be in violation of Prudhomme's right to counsel under the Texas Constitution and the Sixth Amendment to the United States Constitution.

■ Both the United States Supreme Court and the Texas Court of Criminal Appeals have acknowledged that with some varieties of Sixth Amendment violations, "such as the actual or constructive denial of counsel altogether at a critical stage of the criminal proceeding, or an actual conflict of interest on the part of defense counsel, prejudice is presumed." *Batiste v. State*, 888 S.W.2d 9, 14 (Tex. Crim.App.1994), *citing Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also United States v. Cronic*, 466 U.S. 648, 658–59, 104 S.Ct. 2039, 2046–47, 80 L.Ed.2d 657, 667– 68 (1984). But, even if prejudice is not presumed, under the facts of the present case we could not conclude beyond a reasonable doubt that the error was harmless. *See* Tex.R.App. P. 44.1 (for those constitutional errors which are subject to harmless error analysis reversal is required unless the court determines beyond a reasonable doubt that the error was harmless). Prudhomme's *pro se* motion asserted a facially

---

5. However, we note that a motion to withdraw a plea before a finding of guilt has been made is not equivalent to a motion for new trial. This is because the Rules of Appellate Procedure define "new trial" as "the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." Tex.R.App. P. 21.1. If there has been no finding or verdict of guilt, withdrawing a plea will not result in a "new trial."

plausible claim that his guilty plea was involuntary on the basis that trial counsel told him he would get a probated sentence. The motion raised matters which were not determinable from the record, and as such, the trial court would have been required to hold a hearing if the motion had been properly presented and a hearing had been requested. *See Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App.1994); *Callahan v. State*, 937 S.W.2d 553, 560 (Tex. App.-Texarkana 1996, no pet.). Yet, because Prudhomme was deprived of counsel, he was deprived of important opportunities which he would have otherwise had as of right—namely the opportunity to present his motion to the trial court, and the opportunity to have a hearing and to make a record for appellate review.[6] We cannot declare beyond a reasonable doubt that this error did not harm Prudhomme. *See Massingill*, 8 S.W.3d at 738 (deprivation of counsel is not harmless where the defendant had a facially plausible claim, and he was unable to present his claim to the trial court and to make a record for appellate review). Point one is sustained.

However, we do not reverse the trial court's judgment. Sixth Amendment violations, such as deprivation of counsel, "are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation." *Massingill*, 8 S.W.3d at 738, *quoting United States v. Morrison*, 449 U.S. 361, 364, 101 S.Ct. 665, 668, 66 L.Ed.2d 564, 568 (1981). The deprivation of counsel in this case did not contribute to Prud-

homme's convictions or punishment, and as such, reversal of the trial court's judgment is not required. *See* Tex.R.App. P. 44.2(a). Instead, in acting pursuant to our authority to remedy the constitutional violation, we abate the appeal and remand the cause to the trial court to the point at which a motion for new trial can be filed.[7]

Therefore, the appeal of this case is abated, and the case is remanded to the trial court to the point at which Prudhomme was convicted and his sentence imposed. The timetable for motions for new trial shall begin running anew on the date this opinion is received by the district clerk. If the trial court grants the motion for new trial, the record will be supplemented with a copy of the trial court's order, and Prudhomme's appeal will be dismissed.[8] If the trial court overrules the motion for new trial, the record will be supplemented with the court's order and the reporter's record of any hearing held on such motion, and the parties will be permitted to brief any issues related to the overruled motion.

IT IS SO ORDERED.

---

6. Prudhomme would have been entitled to a hearing as a matter of right if a hearing had been requested and the motion had been properly presented to the trial court within ten days of its filing. *See* Tex.R.App. P. 21.6. After that time, the trial court would have had discretion to hear the motion during the remaining seventy-five days following sentencing. *Id.*

7. Prudhomme has requested that we abate and remand pursuant to Tex.R.App. P. 2. However, the Texas Court of Criminal Appeals has held that Tex.R.App. P. 2(b) (Vernon 1997) (the predecessor to Rule 2) generally should not

be used to lengthen procedural time limits to allow an out-of-time motion for new trial. *Oldham*, 977 S.W.2d at 360. The court further stated, "We should not be understood as restricting a court of appeals' power to abate an appeal and remand a case under authority other than Rule 2(b). .... [A] denial of constitutionally guaranteed counsel will be remedied, and the use of Rule 2(b) to effectuate this remedy is not necessary."

8. In the event a new trial is granted, the right to appeal any new judgment rendered will not be affected by the dismissed appeal.