NO. 07-00-0575-CR
NO. 07-00-0576-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 4, 2001

_____


OLLIE GRAY CHAMPION, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 179TH DISTRICT COURT OF HARRIS COUNTY;

NOS. 841383 and 841382; HONORABLE MICHAEL WILKINSON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.


ON ABATEMENT AND REMAND

Appellant Ollie Gray Champion pled guilty to two separate charges of aggravated

sexual assault and was sentenced on October 10, 2000, to 35 years confinement in the

Institutional Division of the Department of Criminal Justice in each case. Appellant gave timely notice of appeal from those convictions.

Appellant's counsel has now filed a brief in which she certifies that, after diligently searching the record, she is convinced that no reversible error exists, and the appeal is without merit. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We have also been furnished a copy of a letter in which she notified appellant that, after review of the record and research of the law, she was convinced there was no reversible error. Counsel notified appellant of his right to review the record and file a pro se brief if he so desired, and appellant has filed a pro se brief and a supplemental pro se brief.

In considering concerns of this type, we face two interrelated tasks as we consider counsel's motion to withdraw. We must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the appeal, and then we must determine whether counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

In her brief, counsel has pointed out that appellant pled guilty without an agreed recommendation for punishment, and therefore the only issues that might reveal reversible error are those that constitute jurisdictional defects, questions concerning the

voluntariness of the plea or error, which may have occurred after the plea which in this case must have been during sentencing. *See Jack v. State*, 871 S.W.2d 741, 744 (Tex.Crim.App. 1994). Counsel discusses whether, based on the record, appellant's plea of guilty was knowing and voluntary and whether he received ineffective assistance of counsel. Additionally, appellant asserts in his brief that the trial court erred in not holding a hearing on his pro se motion for a new trial because he received ineffective assistance of counsel, which caused his plea to be involuntary.

The record shows that appellant waived his right to have the court reporter record his plea and for the court to orally admonish him. However, appellant was admonished in writing in compliance with article 26.13 of the Code of Criminal Procedure. Appellant signed those admonishments which included waiver of trial by jury, representations that he was aware of the consequences of his plea which had been explained by his attorney, that he was mentally competent, that he made his plea freely and voluntarily, and that he was satisfied with the representation of his counsel. Once a defendant attests that he understands the nature of his plea and that it is voluntary, he has a heavy burden to prove on appeal that his plea was not voluntary. *Edwards v. State*, 921 S.W.2d 477, 479 (Tex.App.--Houston [1st Dist.] 1996, no pet.). There is nothing in the record before us to support any contention that the plea was not given freely and voluntarily.

Furthermore, in determining whether a defendant received effective assistance of counsel, we look to the totality of the representation furnished as shown by the record.

3

*Smith v. State*, 676 S.W.2d 379, 385 (Tex.Crim.App. 1984), *cert. denied,* 471 U.S. 1061, 105 S.Ct. 2173, 85 L.Ed.2d 490 (1985).  In addition to showing deficient performance, appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 694, 104. S.Ct. 2052, 80 L.Ed.2d 674 (1984).  There is also a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

Appellant argues the trial court erred in not holding a hearing on his pro se motion for new trial because the court is required to do so when a motion for new trial presents issues that are not determinable from the record.  In his motion for new trial, appellant alleged five areas in which his trial counsel was purportedly ineffective:  1) counsel failed to explain the possible punishment range and the intentional abandonment of defendant's right to a jury trial and right to appeal, therefore his plea was not knowing and voluntary; 2) counsel failed to file a motion to suppress any oral or written statements by appellant; 3) counsel failed to read the pre-sentence investigation report to "adequately prepare a cross-examination of the testifying witnesses" and failed to object "to hearsay statements not contained within the report"; 4) counsel failed to read the pre-sentence investigation report and was therefore not able to refute any evidence with medical evidence or other evidence which could have mitigated his punishment or shown some of the testimony to be false; and 5) defendant failed to file a motion to have his competency evaluated, even though he told his attorney "many times" that he did not understand why he was arrested,

4

the nature of the proceedings, or that he was in "real jeopardy of loss of liberty" and even though there was some evidence in the pre-sentence investigation report to indicate he was incompetent.[1]

In his affidavit in support of his motion for new trial, appellant states that his confession was coerced by the arresting officers and he was not read his rights prior to making the confession; however, his attorney refused to file a motion to suppress at his request because "there was no such thing as a motion to suppress evidence." His trial counsel also allegedly told him to plead guilty and a secret arrangement would be worked out with the trial court to ensure he got probation. Thus, he signed the papers put before him without reading them. Additionally, he told his attorney to ask for the sentencing hearing to be re-set so his counsel could study the pre-sentence investigation report, but his attorney refused to do so because probation was assured. He also told his counsel he was mentally ill and needed a psychological evaluation. Additionally, there were affidavits from two character witnesses for appellant at the punishment hearing which offered opinions that the lack of legal representation "was appauling [sic]" and that appellant's attorney was "no good."

In order to be able to attack the judgment of the trial court on the basis of matters extrinsic to the record, the motion must be supported by a sufficient affidavit that

---

[1]The pre-sentence investigation report is not in the record, but appellant claims in his affidavit that he told the "probation lady who did the 'PSI'" that he thought he had a mental problem and needed to see a doctor.

5

demonstrates reasonable grounds exist for believing a new trial is warranted because of some matter outside the record. *Burns v. State*, 844 S.W.2d 934, 936 (Tex.App.--Amarillo 1992, no pet.). The affidavit must state facts, not mere suspicions. *Reed v. State*, 841 S.W.2d 55, 57 (Tex.App.--El Paso 1992, pet. ref'd). The defendant must also present the motion for new trial to the trial court within 10 days of filing it. Tex. R. App. P. 21.6. Filing a motion for new trial alone is not sufficient to "present" it. *Carranza v. State,* 960 S.W.2d 76, 78 (Tex.Crim.App. 1998); *Martinez v. State,* 28 S.W.3d 815, 816 (Tex.App.--Corpus Christi 2000, pet. granted); *Amaro v. State*, 970 S.W.2d 172, 173-74 (Tex.App.--Fort Worth 1998, no pet.). It must be delivered or otherwise brought to the attention of the court. *Coronado v. State*, 25 S.W.3d 806, 810 (Tex.App.--Waco 2000, pet. ref'd); *Amaro,* 970 S.W.2d at 173-74. In this instance, the trial court neither set a hearing on the motion for new trial or ruled on it. Nothing in the record before us indicates that appellant's motion was ever "presented" to the trial court.

The record shows that appellant waived his right to have his plea recorded and to be admonished orally. Therefore, we can only look to the clerk's record which shows that appellant was admonished in writing as to the possible range of punishment, which he signed and initialed. Appellant was also admonished as to his right to a jury and his right to appeal. He further admitted his guilt several times at the punishment hearing. Appellant also pled guilty without an agreed recommendation as to punishment. Although his counsel filed a motion for community supervision and argued for it at the punishment hearing, the trial court was not required to grant it.

6

The record also shows that appellant's counsel filed a motion to suppress evidence obtained by an unlawful search and seizure, and the failure to file a motion to suppress any oral or written statements is not a jurisdictional defect and did not occur during the punishment phase. Appellant additionally complains of the failure of his counsel to file a motion to have his competency evaluated but, once again, any failure to do so is not a jurisdictional defect and did not affect the punishment phase of the trial. Furthermore, appellant's current claim of mental illness to the extent that it might relate to his competency to stand trial is in contrast to the record which shows he acknowledged being mentally competent.

At the punishment hearing, contrary to appellant's assertion, his trial counsel objected to hearsay statements contained in the pre-sentence investigation report, although the report was not admitted into evidence at the punishment hearing and is not in the record before this court. The only witnesses presented at the punishment hearing were those of appellant, and therefore there was no need for "cross-examination" of them by his counsel. While appellant also complains of his counsel's failure to present medical evidence or other evidence to refute the pre-sentence investigation report, this is only a conclusory statement, because he fails to state what evidence was available and how it might have helped his defense. *See Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App. 1994).

7

Nevertheless, we are required to make an independent examination of the record to determine whether there are any arguable grounds which might support the appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Appellant asserted in his affidavit that he pled guilty because his counsel told him he would get probation. In *Prudhomme v. State*, 28 S.W.3d 114 (Tex.App.--Texarkana 2000, no pet.), the defendant, who was represented by counsel, had similarly pled guilty to aggravated sexual assault without a recommendation as to punishment and was sentenced to life imprisonment. He then filed what was effectively a pro se motion for new trial based on a claim of ineffective assistance of counsel in that he had pled guilty because his counsel told him he would get a probated sentence. The motion was not presented to the trial court and was thus never ruled on.

On appeal, Prudhomme complained that he was deprived of effective assistance of counsel during the time period for filing and presenting a motion for new trial. The court found the time period for filing a motion for new trial to be a critical stage of the proceedings during which a defendant has a right to assistance of counsel. *Id.* at 119. The court further held that the fact the motion was grounded on a claim of ineffective assistance of counsel and was not presented to the trial court, together with appellant's filing of a pro se notice of appeal and pro se motion to substitute trial counsel for appellate counsel rebutted the presumption that the defendant was assisted by counsel during that time. *Id.* at 120. Thus, harm occurred because the motion asserted a facially plausible

8

claim based on matters not determinable from the record and the court would have been required to hold a hearing if properly presented. *Id.* at 121.

Appellant also pled guilty without a recommendation as to punishment and now asserts that he did so because he was told by his attorney he would get probation. He filed a pro se motion for new trial, which was not presented to the trial court and therefore not ruled on. He also filed a pro se notice of appeal and request for appointment of appellate counsel. Because these facts are on point with those in *Prudhomme*, we find there are arguable grounds for appeal. We must therefore ensure appellant's right to counsel by permitting appellant's present appellate counsel to withdraw, and require appointment of other counsel to rebrief the grounds deemed arguable on appeal, as well as any other grounds that new counsel believes might support the appeal. To secure the appointment of other counsel, we must abate the appeal and remand the cause to the trial court.

Accordingly, the motion of appellant's present appellate counsel to withdraw is granted, the appeals are abated, and the causes remanded to the trial court with instructions. Upon remand, the trial court shall appoint other counsel to present the grounds deemed arguable on appeal and any other grounds that might support the appeals. The court shall direct the newly appointed counsel to file appellant's brief within 30 days after his or her appointment, and shall furnish the name, address and State Bar

9

number of appointed counsel to the Clerk of the Court immediately after the appointment is made.

It is so ordered.

Per Curiam

Do not publish.