MARY'S OPINION HEADING 









                                                NO.
12-06-00207-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

TANNER DON HOLE,        §                      APPEAL
FROM THE 217TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            A jury convicted Appellant Tanner Don Hole of two counts
of aggravated assault on a public servant, and assessed his punishment at
confinement for twenty five years on the first count and twenty years on the
second.  In five issues, Appellant complains
that he was deprived of his right to confront and cross examine the witnesses
against him and that the trial court erred in refusing to allow a poem into
evidence.  We abate and remand.

 

Background








            Appellant was the owner and driver of an automobile that
Huntington Police Officer Richardson observed had no license plate light.  Officer Richardson turned on the overhead
lights of his patrol car in an effort to stop Appellant’s vehicle, but
Appellant fled.  In the pursuit that
followed, the back seat passenger in Appellant’s car, Stephen Brandon Wilson,
used Appellant’s .308 rifle to fire at Richardson’s patrol car.  One of the shots hit Richardson’s
windshield.  Flying glass cut his eye
causing him to lose control of the vehicle and hit a fence.  Almost immediately, the Huntington police
chief, David West, and Constable Thomas Lee Selman, Jr. located the suspect
vehicle and resumed the pursuit.  The
chase ended when Appellant attempted to crash through the two police cars
blocking his exit from a private drive. 
Appellant’s car first struck Constable Selman’s patrol car and then
collided with a tree after he was wounded by one of ten bullets fired at
Appellant’s car by Chief West.  Arrested
with Appellant and the shooter, Stephen Wilson, was Appellant’s fiancé, Sabrina
Canda.

            Wilson pleaded guilty before Appellant’s trial and
received a thirty-five year sentence.  He
was a major, if not the main, witness for the State.

            On May 11, 2006, four days before his trial commenced,
Appellant filed a motion asking the trial court to replace his court appointed
attorney.  He alleged that his court
appointed attorney had failed to effectively represent him, had failed to meet with
him and discuss the facts or a trial defense, and had filed no pretrial
motions.  The trial judge conducted a
pretrial hearing at which the evidence showed that Appellant’s counsel had met
with Appellant and had reviewed the district attorney’s file on at least two
occasions.  Appellant urged no legal
reason requiring the replacement of his court appointed attorney, and the trial
judge denied Appellant’s motion.

            After the jury had returned its verdict, the trial judge
sentenced Appellant on May 17, 2006, and signed the judgment on May 18, 2006.  On June 13, 2006, Appellant filed a pro se
motion titled “Motion to Appeal.”  In the
motion’s concluding sentence, Appellant stated that he “does motion the court
for a new trial or an appeal.”  Appellant
urged the following grounds in his unsworn motion:

 

#1           There
was severe conflict of interest, Scott Tatum, my court appointed attorney had
represented Steven Brandon Wilson, the main witness agaist [sic] me, in a
previous case.

 

#2           Insuffient
councel [sic], with at least 40 things amiss

 

#3           Tanner
Hole had requested a different attorney before trial and was refused.

 

#4           Important
witnesses were not subpeoned [sic] on Tanner’s behalf

 

#5           Important
evidence was not shown to the jury.

 

#6           Many
important issues that show Tanner’s innocence were not show [sic] to the jury.

 

#7           Lawyers
were on the jury and over ruled [sic] the other juriors [sic]

 

#8           One
lawyer on the jury had prior information about Tanner’s juvenile record.

#9           Counsel
should have pointed out “many” falsehoods that were stated

 

#10         Cousel
[sic] was totally insuficient [sic], and trial corrupt.

 

 

No affidavits relating to the
allegations were attached to the motion.

            On the same date, Appellant also filed a separate “Motion
to Appoint Attorney on Appeal.”  The
trial court appointed Bill Burnett as appellate counsel on June 16, 2006,
exactly thirty days after Appellant was sentenced.

            On June 23, Appellant’s attorney on appeal filed a motion
for a free reporter’s record, a written designation of matters for inclusion in
the clerk’s record, and a request for preparation of the reporter’s record and
a designation of matters to be included.

            Neither Appellant’s trial attorney, his appellate
attorney, nor Appellant himself presented his motion for new trial and appeal
to the trial court.  The motion was
overruled by operation of law.

            The record does not show that Appellant’s trial attorney
filed a motion to withdraw.

 

Right to Cross Examine

            In his third and fourth issues, Appellant complains that
the trial court violated his right under the Sixth Amendment of the United
States Constitution and Article I, Section 10 of the Constitution of Texas by
not allowing him to cross examine Stephen Brandon Wilson regarding a poem
Wilson had written to a former girlfriend in which he described the ways he
wanted to kill or maim her.  In his fifth
issue, Appellant contends the trial court reversibly erred in refusing to allow
the poem’s admission into evidence.

Standard of Review and
Applicable Law

            The trial court’s evidentiary rulings are reviewed under
an abuse of discretion standard.  Weatherred
v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  The reviewing court should not reverse the
trial court if its ruling was within the zone of reasonable disagreement.  Montgomery v. State, 810 S.W.2d
372, 391 (Tex. Crim. App. 1990).

            The Sixth Amendment provides that “the accused shall
enjoy the right . . . to be confronted with the witnesses against him.”  U.S.
Const. amend. VI.  The accused’s
right to confront the witnesses against him necessarily includes the right to
cross examine.  Carroll v. State,
916 S.W.2d 494, 497 (Tex. Crim. App. 1996).

            In general, witnesses may not be impeached regarding
collateral matters.  Ramirez v.
State, 802 S.W.2d 674, 676 (Tex. Crim. App. 1990).  “The test as to whether a matter is
collateral is whether the cross-examining party would be entitled to prove it
as a part of his case tending to establish his plea.”  Id. (quoting Bates v.
State, 587 S.W.2d 121, 133 (Tex. Crim. App. 1979)).  However, when a witness has voluntarily
testified to a collateral matter resulting in a false impression, the
witness may be impeached on that matter in order to correct the false
impression.  Ramirez, 802
S.W.2d at 676.  A party cannot seek to
impeach a witness by prompting or soliciting a misleading response to a
collateral matter on cross examination.  Lopez
v. State, 928 S.W.2d 528, 531 (Tex. Crim. App. 1996).

            “Specific instances of the conduct of a witness, for the
purpose of attacking or supporting the witness’ credibility, other than
conviction of a crime as provided in Rule 609, may not be inquired into on
cross examination of the witness nor proved by extrinsic evidence.”  Tex.
R. Evid. 608(b).

Analysis

            During cross examination of Stephen Brandon Wilson, an
important State’s witness and the person identified as the shooter, Appellant
asked Wilson, “Have you ever contemplated shooting at anybody else?”  Wilson replied, “No, sir.”  He then attempted to question Wilson about a
poem he had written to a former girlfriend. 
The trial court sustained the State’s objection to questions regarding
the poem.  In the poem, Wilson described
his thoughts of “filling your skull full of lead” or ripping “your heart out as
you lay in bed.”  The poem contained
several other stanzas in the same vein.

            Appellant insists he was entitled to cross examine Wilson
and introduce the poem to correct the false impression created by his answer on
cross examination denying that he had ever contemplated shooting at anybody
else before he shot at the officers pursuing Appellant’s car.

            Wilson’s poetic efforts, no matter how warped and
violent, have no relevance to any issue in the case and are entirely
collateral.  Wilson did not gratuitously
or voluntarily deny that he had ever contemplated shooting at someone else.  Rather, his answer was solicited by Appellant
on cross examination.  Any false
impression was created by Appellant’s attempt to maneuver Wilson into making an
inaccurate statement.  Wilson, throughout
his testimony, had acknowledged that he was the person who fired all the shots
at the officers.  In his testimony, he
did not attempt to portray himself as an otherwise law abiding person.  The poem and the excluded testimony regarding
it had no relevance to Wilson’s credibility. 
The use of the poem as a specific instance of conduct to attack Wilson’s
credibility is plainly barred by Rule 608(b).

            The trial court did not err in limiting Appellant’s cross
examination of Wilson and denying admission of Wilson’s poem into
evidence.  Appellant’s third, fourth, and
fifth issues are overruled.

 

Denial of Right to Counsel

            In his first issue, Appellant contends that he was
without counsel during the thirty days following his sentencing.  He argues that this was a critical stage of
his prosecution and that his lack of representation during this period was a
denial of his right to counsel under the Sixth Amendment of the United States
Constitution.  

            In his second issue, Appellant argues that his lack of
representation violated his right to counsel guaranteed by Article I, Section
10 of the Constitution of Texas.  When an
appellant provides no explanation for construing the Texas Constitution as
conferring greater protection in an area of law than the federal constitution,
we will not address his state constitutional argument. See Black v. State,
26 S.W.3d 895, 896 n.4 (Tex. Crim. App.2000). 
Here, Appellant has not made a separate substantive argument relating to
his state claim.  Therefore, we do not
address his second issue.

Applicable Law

            A criminal defendant is constitutionally entitled to the
assistance of counsel at each critical stage of his prosecution, absent a valid
waiver.  See Michigan v.
Jackson, 475 U.S. 625, 626, 106 S. Ct. 1404, 1405-06, 89 L. Ed. 2d 631
(1986).  The determination of whether a
particular period is a critical stage turns on an assessment of whether, at the
time in question, “the accused required aid in coping with legal problems or
assistance in meeting his adversary.”  United
States v. Ash, 413 U.S. 300, 313, 93 S. Ct. 2568, 2575, 37 L. Ed. 2d
619 (1973).  

            If a criminal defendant desires to file a motion for new
trial, he must do so within thirty days after his sentence has been imposed or
suspended in open court.  Tex. R. App. P. 21.4(a).  The motion may be amended within the same
thirty days so long as the amendment is made before the court overrules any
preceding motion for new trial, id., but a motion for new trial
cannot be amended after thirty days from sentencing, even with leave of
court.  Dugard v. State,
688 S.W.2d 524, 529-30 (Tex. Crim. App. 1985), overruled on other grounds, Williams
v. State, 780 S.W.2d 802, 803 (Tex. Crim. App. 1989); Belton v.
State, 900 S.W.2d 886, 901-02 (Tex. App.–El Paso 1995, pet. ref’d).

            The Texas Court of Criminal Appeals has declared that “without
doubt the hearing on a motion for new trial is a critical stage of the
proceedings[,]” because “[i]t is the only opportunity to present to the trial
court certain matters that may warrant a new trial, and to make a record on those
matters for appellate review.”  Trevino
v. State, 565 S.W.2d 938, 940 (Tex. Crim. App. 1978) (emphasis
added).  “If the hearing on a motion for
new trial is a critical stage of the proceedings, then logic dictates that the
time period for filing the motion is also a critical stage of the proceedings.”
Oldham v. State, 889 S.W.2d 461, 462 (Tex. App.–Houston [14th
Dist.] 1994), rev’d on other grounds, 977 S.W.2d 354 (Tex. Crim. App.
1998).  When a defendant presents a
motion for new trial raising matters not determinable from the record, and
which could entitle him to relief, the trial court abuses its discretion in
failing to hold an evidentiary hearing; the motion must, however, be supported
by affidavit specifically showing the truth of the grounds urged.  King v. State, 29 S.W.3d 556,
569 (Tex. Crim. App. 2000).

            Appointed counsel “shall represent the defendant until
charges are dismissed, the defendant is acquitted, appeals are exhausted, or
the attorney is relieved of his duties by the court or replaced by other
counsel. . . .”  Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp.
2006).  The order appointing Appellant’s
counsel did not confine his attorney’s duties to the trial.  His attorney did not file and the court did
not approve a motion to withdraw. 
Therefore, he remained Appellant’s counsel until appeals are exhausted
or he is permitted to withdraw.  Tex. Code Crim. Code Ann. §
26.04(a).  The law presumes that counsel
fulfilled this obligation in the absence of contrary evidence sufficient to
overcome the Oldham presumption. 


            When the record does not reflect that trial counsel
withdrew or was replaced by new counsel after sentencing, there is a rebuttable
presumption that trial counsel continued to effectively represent the defendant
during the period for filing a motion for new trial.  Oldham v. State, 977 S.W.2d
354, 363 (Tex. Crim. App. 1998).  Even
the filing of a pro se notice of appeal is evidence that the defendant was
informed of at lease some of his appellate rights, and it will be presumed that
he was adequately advised by counsel unless the record demonstrates
otherwise.  Id.

            An indigent who manifests a desire to appeal is entitled
to court appointed counsel, and where the assistance of counsel is
constitutionally required, the right to furnished counsel does not depend upon
request.  Ward v. State,
740 S.W.2d 794, 798 (Tex. Crim. App. 1987). 
The trial court is not relieved of its obligation to appoint counsel
even in the absence of a request by the defendant.  Id. at 799.

Rebuttal of the Presumption

            Appellant filed a hybrid but timely motion for new trial
and appeal. Appellant alleged ineffective assistance by his appointed counsel
before trial, and in his motion for new trial, he alleged his appointed counsel
was constitutionally ineffective during trial. 
In Oldham and Smith, the filing of a pro se
notice of appeal indicated to the court that the appellant “was aware of some
of her appellate rights, and was adequately counseled unless the record
affirmatively displays otherwise.”  Oldham,
977 S.W.2d at 363; Smith, 17 S.W.3d at 663.  Here, Appellant’s motion for new trial and
appeal is an unsworn list of conclusory nonfactual allegations unsupported by
affidavits.  It is so amateurish and
ineffectual that it would be delusional to presume it a product of “adequate
counseling.”  Rather it supports a
contrary conclusion.[1]

            In Prudhomme v. State, 28 S.W.3d 114, 119
(Tex. App.–Texarkana 2000, order), Appellant filed three pro se motions
twenty-five days after sentencing, among them a “Motion to Withdraw Plea” in
which he contended his plea was involuntary due to ineffective assistance of
counsel.  Id.  In Prudhomme, as in the instant
case, the record did not show that trial counsel was aware these motions were
filed.  Id.  They were not presented to the trial court,
and no hearing on the motions was requested. 
Id.  The Texarkana court
concluded that Prudhomme’s filing of a motion for new trial that complained of
ineffective assistance of trial counsel, together with the filing of a pro se
notice of appeal and motion for an attorney on appeal, rebutted the presumption
of continued adequate representation.  Id.
at 120.

            There is little to distinguish Prudhomme from
the instant case.  The procedural history
in this case is similar.  Both Prudhomme
and Appellant indicated by filing a pro se motion for new trial that they
wished to pursue such a course.  In both
cases, the pro se motion complaining of trial counsel’s ineffectiveness was
ineptly drawn and insufficient to entitle the defendant to a hearing.  In neither case was a hearing held or
requested.  We conclude that Appellant
has effectively rebutted the presumption that his trial attorney continued to
fulfill his statutory duty to represent Appellant until relieved.

Harm Analysis

            Except for constitutional errors deemed structural by the
United States Supreme Court, federal constitutional error may be disregarded if
the reviewing court finds it harmless beyond a reasonable doubt.  Chapman v. California, 386 U.S.
18, 23-24, 87 S. Ct. 824, 828, 17 L. Ed. 705 (1967).  Denial of counsel between imposition of
sentence and the deadline for filing a motion for new trial is not structural
error, and it is therefore subject to harmless error review.  Hanson v. State, 11 S.W.3d 285,
289 (Tex. App.–Houston [14th Dist.] 1999, pet. ref’d); see  Tex.
R. App. P. 44.2(a).

            In Hanson, the court determined that the
appellant was not harmed by the lack of counsel because Hanson, pro se, had
filed an articulate motion for new trial and notice of appeal.  Hanson, 11 S.W.3d at 289.  On appeal, appellate counsel relied primarily
on the errors raised by Hanson, adding only the additional claim regarding the
delay in the appointment of appellate counsel. 
Id.  The court
concluded appellate counsel had conceded the efficacy of the pro se
filings.  Id.  

            In the case before us, Appellant’s untutored attempt to draft
a motion for new trial was not articulate. 
Though his claims were facially plausible, his motion was totally
ineffective to achieve its purpose, to adduce facts related to matters not
shown on the record with sufficient specificity, supported by affidavits so
that, upon request, Appellant would have been entitled to a hearing on the
motion and the opportunity to make a record for appellate review.  We cannot conclude beyond a reasonable doubt
that Appellant’s loss of such an important opportunity did Appellant no
harm.   See Massingill v. State,
8 S.W.3d 733, 738 (Tex. Crim. App. 1999); Tex.
R. App. P. 44.2(a).  Appellant’s
first issue is sustained.

Proper Remedy

            “Sixth Amendment violations are subject to the general
rule that remedies should be tailored to the injury suffered from the
constitutional violation.”  Massingill,
8 S.W.3d at 738 (citing United States v. Morrison, 449 U.S. 361,
364, 101 S. Ct. 665, 668, 66 L. Ed. 2d 564 (1981)).  The failure to provide Appellant with counsel
did not contribute to Appellant’s conviction or punishment; therefore, reversal
of the trial court’s judgment is not appropriate.  Prudhomme, 28 S.W.3d at 121; see
Tex. R. App. P. 44.2(a) (reversal
required unless appellate court determines beyond a reasonable doubt that error
was harmless).  The proper course is to
abate the appeal and remand the cause to the trial court so that the appellate
timetables may run anew from the date of sentencing.  See Prudhomme, 28 S.W.3d at
121; Massingill, 8 S.W.3d at 738. 


 

Conclusion

            Having sustained Appellant’s first issue, the appeal is abated
and remanded to the trial court.  The timetable for Appellant’s motion for new
trial shall run anew from the date this opinion is received by the district
clerk.  If the trial court grants the motion
for new trial, the record will be supplemented with a copy of the trial court’s
order, and this appeal will be dismissed. 
If the trial court overrules the motion for new trial, the record will
be supplemented with a record of the trial court’s order and the court reporter’s
record of any hearing on the motion.  If
the motion for new trial is overruled, the parties will be permitted to brief
issues related to the overruled motion.  See
Prudhomme, 28 S.W.3d at 121. 
This appeal shall be abated until ninety days after date of this opinion
or until the required supplemental records are filed in this court, whichever
is the earlier date, at which time this appeal shall be reinstated.

 

                                                                                                    BILL BASS   


                                                                                                            Justice

 

 

Opinion
delivered June 29, 2007.

Panel
consisted of Griffith, J., Hoyle, J., and Bass, Retired Justice, Twelfth Court
of Appeals, Tyler, sitting by assignment.

 

 

 

 

(DO NOT PUBLISH)











[1] Appellant does not complain of his trial
counsel’s representation in the period between sentencing and the appointment
of his appellate counsel.