IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00009-CR

 

Chad Fenley Davis,

                                                                                    Appellant

 v.

 

The
State of Texas,

                                                                                    Appellee

 

 

 



From the 85th District Court

Brazos
 County, Texas

Trial Court No. 04-01287-CRF-85

 



ABATEMENT 
ORDER



 

      Appellant
Chad Fenley Davis was convicted on one count of capital murder.  Punishment was
automatically fixed at life in prison.  Davis brings eleven issues on appeal.

Background

      The trial
court pronounced Davis’s sentence in open court on December 9, 2005 and allowed
retained trial counsel to withdraw at that time.  On January 6, 2006, Davis filed a pro se notice of appeal and a motion for new trial.  Six days later,
he filed a pauper’s oath requesting a free record and appointed counsel.  Later,
 Davis filed two untimely amendments to his motion for new trial.  The trial
court took no action on the motion, which was then overruled by operation of
law.  The trial court also failed to act on Davis’s request for appointed
counsel, and Davis filed a second request on April 17, 2006.  Following a
hearing, counsel was appointed for purposes of appeal the following day.

      In his
first issue, Davis argues that he was denied the right to counsel during a
critical phase of the proceeding, the time period in which to prepare, file,
present and obtain a hearing on his motion for new trial.

Right to Counsel

      Criminal
defendants have a constitutional right to assistance of counsel at every
critical stage of a criminal prosecution, absent a valid waiver of the right.  Upton v. State, 853 S.W.2d 548, 553 (Tex. Crim. App. 1993).  The period for
filing a motion for new trial and the hearing on the motion are critical stages
at which a defendant is entitled to counsel.  See Connor v. State, 877
S.W.2d 325, 326 (Tex. Crim. App. 1994); Prudhomme v. State, 28 S.W.3d
114, 119 (Tex. App.—Texarkana 2000, order).

      To prevail
on a claim of deprivation of counsel during the time to prepare, file and
present a motion for new trial, Davis must affirmatively prove that he was not
represented by counsel during this critical stage of the proceedings.  See
Garcia v. State, 97 S.W.3d 343, 347 (Tex. App.—Austin 2003, no pet.)
(citing Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998)).  When
the record does not reflect that trial counsel withdrew or was replaced by new
counsel after sentencing, there is a rebuttable presumption that trial counsel
continued to effectively represent the defendant during the time limit for
filing a motion for new trial.  Smith v. State, 17 S.W.3d 660, 662-63 (Tex. Crim. App. 2000).

      We find
that this presumption is inapplicable here or has been rebutted.  Davis was effectively without counsel from the time of his sentencing on December 9, when
his trial counsel withdrew, until April 18, when appellate counsel was
appointed.[1] 
The presumption does not apply when counsel has withdrawn and a defendant is
without counsel during the crucial thirty days to prepare and file a motion for
new trial, or the ten days in which to present the motion to the trial court.  Garcia,
97 S.W.3d at 348; See Tex. R.
App. P. 21.4, 21.6.

      The State
points to Davis’s pauper’s oath which contains a fax stamp from his trial
counsel’s law firm and the quality of his original motion for new trial to show
that, although he withdrew, trial counsel continued to represent Davis during
this timeframe.  However, Davis’s motion for new trial, in which he alleged
that a disqualified juror served on the jury, was never presented to the trial
court, and a hearing on the motion was never requested.  The record also
reflects that Davis filed two untimely amended motions for new trial in which
he raised the additional grounds that trial counsel provided ineffective
assistance, the trial court abused its discretion by admitting evidence of
extraneous offenses, and the prosecutor engaged in prosecutorial misconduct.  These
additional grounds were likewise never brought to the attention of the trial
court.  Although Davis filed a pauper’s oath containing his trial counsel’s fax
stamp and a timely pro se motion for new trial, we find that this record
rebuts the presumption that he was adequately counseled regarding his rights.  See
Prudhomme, 28 S.W.3d at 120.

Harm

      Except for
certain federal constitutional errors deemed structural by the United States
Supreme Court, no error is categorically immune to a harmless error analysis.  See
Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); Massingill v.
State, 8 S.W.3d 733, 737 (Tex. App.—Austin 1999, no pet.).  Structural
errors are those constitutional violations that infect the conduct of a trial
from beginning to end.  See Arizona v. Fulminante, 499 U.S. 279, 309-10, 111 S.Ct. 1246, 1265 113 L.Ed.2d 302 (1991).  One example of a structural error is
the total deprivation of counsel at trial.  Id. at 309, 111 S.Ct. at 1246. 
Not every partial denial of counsel is structural error and harmful.  See
Massingill, 8 S.W.3d at 737 (citing Coleman v. Alabama, 399 U.S. 1, 10-12, 90 S.Ct. 1999, 2004 26 L.Ed.2d 387 (1970)).  The denial of counsel in the
present case, limited to the time period for preparing and presenting a motion
for new trial, is not structural error and is, therefore, subject to a harm
analysis for constitutional error.

      Because Davis was denied counsel, he was deprived of important opportunities which he would have
otherwise had as of right, such as the opportunity to present his motion to the
trial court, to have a hearing, and to make a record for appellate review.  Prudhomme,
28 S.W.3d at 121.  We conclude that Davis was harmed and is entitled to
relief.  Accordingly, we sustain Davis’s first issue.  We do not address the remaining
issues.

Remedy

      Sixth
Amendment violations, such as deprivation of counsel, “are subject to the
general rule that remedies should be tailored to the injury suffered from the
constitutional violation.”  United States v. Morrison, 449 U.S. 361, 364, 101 S.Ct. 665, 668 66 L.Ed.2d 564 (1981); Massingill, 8 S.W.3d at
738.  The deprivation of counsel in this case did not contribute to Davis’s conviction or punishment, and reversal of the trial court’s judgment is not
required.  See Tex. R. App. P.
44.2(a).  Instead, we abate the appeal and remand the cause to the trial court
to the point at which a motion for new trial can be filed, presented, and heard.

      The
timetable for the motion for new trial shall begin running anew from the date
of this opinion.  If the trial court grants the motion for new trial, this
record must be supplemented with a copy of the trial court's order and this
appeal will be dismissed.  If the trial court overrules the motion for new trial,
the record will be supplemented with a copy of the trial court's order, the
court reporter's record of any hearing on such motion, and other matters
pertaining to the procedure after remand.  The parties will be permitted to
brief any issues properly raised.

      The
submission of June 6, 2007 is set aside and the cause is abated.

 

PER CURIAM




 

Before Chief Justice Gray,

Justice Vance,
and

Justice Reyna

            (Chief Justice Gray
dissenting)

Abated and remanded

Order issued and filed July 11,
2007

Publish









[1]  The State alleges that Davis stated that he intended to retain different counsel after his trial counsel
withdrew.  However, the only statement in the record to support this contention
is the statement by the trial court at an April 2006 status hearing that:  “I
believe the defendant was intending to retain counsel.”  We do not find the
trial court’s recollection sufficient to establish Davis’s intent to retain
counsel during the critical period.