June 29, 2015

Clerk of the Court
Court of Criminal Appeals
P O Box 12308
Capital Station
Austin, TX 78711

RE: Case No. PD-1505-14
     Schlittler v State of Texas

Dear Clerk of the Court:

Enclosed, please find a Motion to Abate the Petition for Discretionary Review to Allow an Out of Time Motion for New Trial.

Would you please locate the file, and place same within, asking the Honorable Court to consider this issue. Seeing how I have been denied the effective assistance of counsel at both trial and an appeal, the interest of justice and to conserve precious judicial time, should hold valid to the motions merit.

Thanking you, in advance, for your assistance.

Respectfully,

David Schlittler # 1498090
Lynaugh Unit
1098 S Hwy 2037
Ft Stockton, TX 79735

cc: Melinda Flectcher
    Lisa McMinn
    Kenneth Nash

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 02 2015

Abel Acosta, Clerk

CASE NO. PD-1505-14

IN THE COURT OF CRIMINAL APPEALS

DAVID SCHLITTLER V THE STATE OF TEXAS

ON DISCRETIONARY REVIEW
OF APPEAL NO. 12-13-00269-CR
IN THE TWELFTH COURT OF APPEALS OF TEXAS
AT TYLER

MOTION TO ABATE THE PETITION FOR DISCRETIONARY REVIEW

TO ALLOW APPELLANT AN OUT OF TIME MOTION

FOR NEW TRIAL

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, David Schlittler, appellant in the above styled and numbered cause, by and through himself, and respectfully moves the Court to abate the PDR & Appeal and remand the cause to the trial court for an out of time Motion for New Trial hearing pursuant to Tex R App P 2 & 21. In support of this motion, the appellant shows the Court the following:

I.

Appellant was appointed State Counsel for Offenders after being charged with 'no contact with victim' pursuant to Texas Penal Code 38.111 while confined in a penal institution.

The underlying conviction for which appellant is serving was gained when appellant, unaware of counsel's misadvice & misrepresentations, gave a plea in exchange for the States offer of deferred adjudication in Cause No. 366.81335.05, Collin County, & subsequently revoked. This conviction has not been attacked due to the suspension of the habeas corpus because of the State action this motion is made for.

Subsequent to this matter being heard by a jury, appellant was convicted of same, and again appointed State Counsel for Offenders for perfecting an appeal.

## II.

Appellant was denied the effective assistance of trial counsel due to the attorney/client relationship which was so poor, counsel was not prepared to present a defense, nor expose one of the participants whose agreement & furtherance to participate in the misconduct which resulted in the State's knowing or unknowing use of a materially false allegation which it used to gain the unconstitutional conviction. Further, by the operation of the enforcement of the penal code in question here, appellant was denied access to witnesses for this cause & his habeas corpus.

## III.

Although a person is not entitled to hybrid representation, Ex Parte Bohannan, 350 SW3d 116, 118 n.1 (TCA2011); Landers v State, 550 SW2d 272, 280 (TCA1977), an appellant is supposed to have his attorney assist him, in developing issues the appellant desires

to be considered, and appellant counsel has wholly failed to develop these issues. Once again, this relationship is so poor, that appellant is being denied the effective assistance of counsel.

Trial counsel failed to file a Motion for New Trial as directed to develop facts for appellate review, nor did she direct appellate counsel to immediately consult with appellant to develop same.

While State Counsel for Offenders Appellant staff has presented a meritorious question of law, there remains other larger issues which Appellant Counsel has refused to present.

And, while habeas corpus is the usual preferred method to develop ineffective assistance of counsel claims, appellant is not entitled to appointment of same and thus, he is denied his right to effective assistance of counsel at both trial & appeal.

## IV.

Several questions are missing from the record which the Courts need to consider in the application of Texas Penal Code charged. Some of those questions include: (1) Has appellant been denied his right to habeas corpus protected under the Texas Constitution at art 1, § 12 & also the Federal Constitution's provision at Art. I, sec 9, cl 2, & if so, does the application of this statute as presently being presented, then violate Texas Constitution's provision of art 1, § 29? ; (2) does the indictment even correctly charge the appellant with a crime when the indictment incorrectly alleges appellant's son, who is not the complainant, as the victim?; (3) Is Texas Penal Code 38.111 ambigous in that it does not give

a person an understanding of what conduct it prescribes is illegal? How can a person gain authorization from the family member to allow contact with an alledged complainor, when the convicted is not allowed contact with the family members?; & (4) Does this statute harmonize with other statutes enacted and scattered through out other laws the legislature has enacted?

## V.

The Honorable Court has heard arguments and appellants counsel has filed a "Post Argument Brief" on May 27, 2015. It is unknown by appellant, if any further action has yet been taken upon this PDR. While the actions which have taken place appear colorful, they have not brought to bear, substantial issues which should be considered by the Courts to assist them in the application of the statute to appellant.

Appellant has been denied his voice in these proceedings and his concerns are meritorious. The fact that the appearance of the Texas Department of Criminal Justice's "in house" legal team 'assisting' an individual TDCJ detains, does not appear correct & is a conflict of interest. The entire proceedings, both at trial & appeal, have been what appointed counsel individually want to pursue, not appellants.

## VI.

The mandatory grounds for a new trial are found in Tex R App P 21.3 & are not an exhaustive list. State v Evans, 843 SW2d 576 (TCA1992). One of the grounds which may be raised via a Motion

for New Trial is the ineffective assistance of counsel. Reves
v State, 849 SW2d 812 (TCA1993). The appellant has the absolute
right to the effective assistance of counsel at trial. United
States Const. Amends. VI, XIV; Texas Const. art 1, sec 10; Powell
v Alabama, 57 US $% (1932). Similarly, an appellant has the right
to the effective assistance of counsel on appeal. Evitts v Lucey,
105 SCt 830 (1983).

## VII.

Texas Courts of Appeals have held that the period for filing
a Motion for New Trial is a critical stage at which a defendant
is entitled to the effective assistance of cousnel. See Prudhome
v State, 28 SW3d 114, 119 (Tex App - Texarkana 2000) disp on merits;
Henson v State, 11 SW3d 285 (Tex App - Houston [14th Dist] 1999,
pet ref'd); Massingill v State, 8 SW3d 733, 736-37 (Tex App - Austin
1999 order), disp on merits; Burnett v State, 959 SW2d 652, 654
(Tex App - Hosuston [1st Dist] 2007, pet ref'd).

When a defendant is deprived of effective assistance of coun-
sel during the period for filing a Motion for New Trial, the remedy
is to reset the appellate time limits. Ward v State, 720 SW2d 794,
800 (TCA 1987)(en banc).

## VIII

Appellant has not had "any opportunity at a meaningful manner
to present his trial or appeal" Ward, 740 SW2d at 800. Thus, as
a practical matter, Appellant 'received no assistance' as to the
substantive issues that he seeks to present on appeal and on PDR.

Accordingly, this Court should abate the PDR and Appeal and remand the cause to recommence to the time period for filing a Motion for New Trial, with the directive to appoint an attorney "outside" the TDCJ's State Cousnel for Offenders. This Courts denial to do so would violate the Due Proces Clause of the United States Constitution, Amend., XIV, and Texas Const. art 1, § 19.

Here, the words of Justice Robert H Jackson are most appropriate:

> "Let it not be overlooked, that due process of law is not for the sole benefit of the accused. It is the best assurance for the Government itself against those blunders which leave lasting stains on a system of justice."
>
> Shaughnessy v United States, 345 US 206 (1953).

This Court has the ability to suspend the rules and to allow for the abatement of this PDR and the Appeal back to the trial court, so that appellant might exercise his right to develop and raise issues outside the record of great significance. See Tex R App P 2 & 21. In the interest of justice, and of judicial economy, appellant, David Schlittler, respectfully requests that this Court abate this cause back to the trial court in order to allow him to file a Motion for New Trial to adequately introduce a developed record of such issues which should be resolved at that level, or, preserved for a proper appellate review.

This motion is not meant to delay any proceedings, but rather, to see that justice is done.

Respectfully submitted,

David Schlittler

Appellant
TDCJ # 1498090
1098 S Hwy 2037
Ft Stockton, TX   79735

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion to Abate  the
Petition for Discretionary Review to allow Appellant an Out of
Time Motion for New Trial has been served upon the following partys:

Melinda Fletcher
Special Prosecution Unit
P O Box 1744
Amarillo, TX 79105

Lisa C McMinn
State Prosecuting Attorney
P O Box 13046
Austin, TX   78711

Kenneth Nash
State Counsel for Offenders
P O Box 4005
Huntsville, TX   77342

Sent via US Mail on this, the 29 day of June, 2015.

David Schlittler