

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00209-CR

KELVIN SHAMAR MOORE, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR02059

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Kelvin Shamar Moore, Jr., appeals from a judgment adjudicating him guilty of possession of a controlled substance with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(B), 481.112(a), (c) (West 2010). In the underlying prosecution, Moore pled guilty, and on April 14, 2014, the trial court placed him on ten years' deferred adjudication community supervision. On July 21, 2014, the State filed a motion to proceed with adjudication alleging that Moore (1) was delinquent in his court-ordered payments for court costs, attorney fees, restitution, and supervision fees, (2) committed two additional criminal offenses on July 4, 2014, and (3) was delinquent in completing his court-ordered community service hours. Moore pled "true" to these allegations. After a hearing, the trial court adjudicated Moore guilty, sentenced him to twelve years' imprisonment, and ordered him to pay $3,526.25 in court costs, which included attorney fees, and restitution of $140.00.

On appeal, Moore contends that the trial court erred in (1) failing to conduct a separate punishment hearing and (2) in assessing attorney fees against him when there is no evidence that he has the ability to pay them. We modify the judgment to remove $993.75 in court-appointed attorney fees incurred in the adjudication proceeding and, as modified, affirm the judgment of the trial court.

## I.      Separate Punishment Hearing

Moore contends that the trial court erred by failing to conduct a separate punishment hearing following the adjudication of his guilt. By statute, a defendant has the right to a separate punishment hearing, or at least to present evidence prior to sentencing. *Pearson v. State*, 994

S.W.2d 176, 178–79 (Tex. Crim. App. 1999). However, that right may be waived. *Vidaurri v. State,* 49 S.W.3d 880, 886 (Tex. Crim. App. 2001). To preserve the right, a defendant must complain at trial, or, if he has been denied the opportunity to do so, in a motion for new trial. *Id.*; *see Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). Likewise, a valid trial level objection to the lack of a separate punishment hearing, or to the denial of the opportunity to present punishment evidence, is necessary to preserve these issues for appellate review. TEX. R. APP. P. 33.1(a); *Vidaurri*, 49 S.W.3d at 885–86.

Here, Moore failed to object at the hearing and failed to file a motion for new trial. Under similar facts, we have held the appellant failed to preserve this complaint for our review. *Kinslow v. State*, No. 06-14-00083-CR, 2014 WL 7204556, at *1 (Tex. App.—Texarkana Dec. 19, 2014, no pet. h.) (mem. op., not designated for publication). Moore, relying on the Texas Court of Criminal Appeals decision in *Issa v. State*, asks us to reconsider *Kinslow*. Also, Moore argues not only that he was denied an opportunity to object at the adjudication hearing, but that he had no effective opportunity to object through a motion for new trial. *See Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992). In *Issa*, the defendant was adjudicated guilty of theft and was immediately sentenced to ten years' confinement. *Id.* Although the court of appeals held that Issa had failed to preserve the point of error by failing to object in the trial court, the Court of Criminal Appeals reversed, holding that Issa had preserved the issue in a timely motion for new trial. *Id.* at 160–61.

In this case, although Moore admits he neither objected at the hearing nor filed a motion for new trial, he argues that he did not have an opportunity to file a motion for new trial since his

3

appellate counsel was not appointed until November 25, the deadline for filing a motion for new trial was November 30, and the reporter's record was not filed until December 8. Moore argues that under these circumstances, he was effectively denied counsel during this critical stage of his prosecution and that, as a result, he effectively had no opportunity to preserve this error through the filing of a motion for new trial.[1]

We have held that a defendant is entitled to counsel during the period for filing a motion for new trial. *Prudhomme v. State*, 28 S.W.3d 114, 119 (Tex. App.—Texarkana 2000, order), *disp. on merits*, 47 S.W.3d 683 (Tex. App.—Texarkana 2001, pet. ref'd). If a defendant is deprived of counsel during the period for filing a motion for new trial, the remedy is to abate the appeal and reset the appellate time limits. *Ward v. State*, 740 S.W.2d 794, 800 (Tex. Crim. App. 1987); *Prudhomme*, 28 S.W.3d at 121. If the record does not show that trial counsel withdrew or was replaced by appellate counsel after sentencing, "there is a rebuttable presumption that trial counsel continued to effectively represent the defendant during the time limit for filing a motion for new trial." *Prudhomme*, 28 S.W.3d at 119 (citing *Smith v. State*, 17 S.W.3d 660, 662–63 (Tex. Crim. App. 2000); *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998)). Further, when a motion for new trial is not filed, there is a rebuttable presumption that the defendant conferred with his counsel regarding the merits of the motion and chose not to file it. *Id.* (citing *Oldham*, 977

---

[1]Moore cites *Burt v. State* for the proposition that when a defendant does not have the opportunity to object, he does not forfeit his right to complain on appeal. *Burt v. State*, 396 S.W.3d 574, 578 (Tex. Crim. App. 2013). However, in *Burt*, the trial court orally informed him that it would order restitution, but not the amount, at the end of the hearing. Its written judgment ordering over $500,000.00 in restitution was not signed until after Burt's motion for new trial had been filed and denied by the trial court, effectively foreclosing his opportunity to object to the trial court's error, if any, in the amount of and basis for its award. *Id.* at 578–79. In this case, Moore was immediately informed of his punishment and there was no subsequent order of the trial court that modified that punishment.

4

S.W.2d at 363). When there is nothing in the record to suggest otherwise, the presumption is not rebutted. *Id.*

Here, the record shows that Moore's trial counsel filed a notice of appeal on November 10, eleven days after the adjudication. On that same date, a pro se request for counsel on appeal was filed by Moore. Then, on November 25, appellate counsel was appointed for Moore. No withdrawal of representation by Moore's trial counsel appears in the record. There is no evidence in the record that his trial counsel abandoned Moore after the trial or that he thought his duties toward his client had ended. To the contrary, filing the notice of appeal is some evidence that Moore's trial counsel considered his duties ongoing. There is also no evidence in the record to rebut the presumption that trial counsel conferred with Moore regarding the merits of filing a motion for new trial and that Moore opted not to file the motion. Since Moore has failed to rebut this presumption, we hold that Moore was not effectively deprived of counsel. *See Oldham v. State*, 977 S.W.2d 354, 362–63 (Tex. Crim. App. 1998).

By failing to object during the adjudication hearing and failing to file a motion for new trial, Moore failed to preserve his complaint for our review. *Vidaurri*, 49 S.W.3d at 886. We overrule this point of error.

## II.     Attorney Fees

In its judgment, the trial court assessed court costs of $3,526.25 against Moore. The record indicates that $1,931.25 of those costs are attributable to the costs of Moore's court-appointed trial counsel. Moore contends that because he was indigent, the trial court erred in assessing attorney fees against him. The State points out that the attorney fees consist of two separate assessments—

5

$937.50 for attorney fees incurred in the proceeding that resulted in deferred adjudication and $993.75 for attorney fees incurred in the adjudication proceeding. The State concedes that the trial court erred in awarding $993.75 for attorney fees incurred in the adjudication proceeding since, on the date of the hearing, Moore was indigent and there was no determination by the trial court that he had financial resources to pay these costs in whole or in part.[2] However, the State argues that Moore has procedurally defaulted his complaint as to the remaining $937.50 in attorney fees by failing to appeal the order for deferred adjudication. *See Riles v. State*, 452 S.W.3d 333 (Tex. Crim. App. 2015). We agree.

The Texas Court of Criminal Appeals has long held that when a defendant is placed on community supervision pursuant to a judgment of conviction, he may only raise issues related to his conviction by direct appeal of the initial judgment of conviction and may not raise them after his community supervision is revoked. *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999) (citing *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. 1978)). In *Manuel*, the court applied this same procedural default rule to a defendant receiving community supervision pursuant to a deferred adjudication order, i.e., he must raise the issues in a direct appeal from the initial order of deferred adjudication. *Id.* at 661–62. Subsequently, the court held that this same rule of procedural default applies when a trial court assesses attorney fees against an indigent defendant

---

[2]A trial court may order a defendant previously deemed indigent to reimburse his court-appointed attorneys fees only if "the court determines that [the] defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). Therefore, court-appointed attorney fees cannot be assessed against a defendant absent proof and a finding that he is no longer indigent. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013); *Mayer v. State*, 309 S.W.3d 552, 556–57 (Tex. Crim. App. 2010).

receiving community supervision after a judgment of conviction when the record shows that he was aware of the assessment of attorney fees. *Wiley v. State*, 410 S.W.3d 313, 320–21 (Tex. Crim. App. 2013).[3]

By its decision in *Riles*, the court made clear that (1) procedural default applies to issues regarding attorney fees assessed against an indigent defendant receiving community supervision in an order of deferred adjudication and (2) procedural default is premised on the defendant's "knowledge of, and failure to challenge, an issue." *Riles*,452 S.W.3d at 337. In *Riles*, the defendant pled guilty to possession of a controlled substance with intent to deliver, adjudication was deferred, and she received community supervision. *Id.* at 334. Her signed plea papers contained an admonishment that part of her mandatory supervision costs included the fees of her court-appointed attorney. She also signed an application for community supervision stating that, if granted, she would be required to reimburse the county for the fees of her court-appointed attorney. Finally, the order of deferred adjudication, which she also signed, provided that she was ordered to pay "all court costs including the Court Appointed Attorney Fee." *Id.* The next day, her trial counsel submitted his attorney fee voucher for $1,000.00, and it was listed in the district clerk's bill of costs. *Id.* at 334–35. A year and a half later, her community supervision was revoked, she was sentenced to seven years in prison, and she was ordered to pay all court costs, including the fees of her court-appointed attorney. *Id.* She appealed the judgment of adjudication arguing that there was no evidence she had the ability to pay the attorney fees. *Id.* at 335.

---

[3]*See also Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014) (holding that because appellant did not raise challenge to court costs when first placed on deferred adjudication community supervision, but waited to raise issue on appeal of court's order adjudicating his guilt, cost issue was waived).

The Texas Court of Criminal Appeals held that since Riles had knowledge of the attorney fees, she was required to challenge the sufficiency of evidence supporting the payment of them in a direct appeal from the original order of deferred adjudication. *Id.* at 337. Since she failed to appeal the original order of deferred adjudication, she had procedurally defaulted her complaint. *Id.* (citing *Manuel*, 994 S.W.2d at 661–62). The court then clarified that procedural default is premised on "an appellant's knowledge of, and failure to challenge, an issue." *Id.*; *see also Wiley*, 410 S.W.3d at 320–21. Riles' several acknowledgments that she would be required to pay attorney fees showed that she had the requisite knowledge to challenge the fee award on direct appeal, even if she did not immediately know the exact amount of the fees. *Id.*

The record in this case shows that the trial court entered its order of deferred adjudication on April 14, 2014. The order, signed by Moore, states that Moore would pay court costs in the amount of $1,422.50 and states, "SEE ATTACHED CONDITIONS OF PROBATION." An order imposing conditions of community supervision of the same date, also signed by Moore, requires him to pay "the costs of Court, in one or several sums" and lists court costs of $435.00, a Crime Stopper fee of $50.00, and court-appointed attorney fees of $937.50. On the last page of the order imposing conditions of community supervision, there is a declaration signed by Moore that states, "Receipt is hereby acknowledged on the date shown above [April 14, 2014] of one copy of the above order." Moore has not challenged the veracity of this declaration. Therefore, there is evidence that Moore had the requisite knowledge to challenge on direct appeal the attorney fees assessed against him in the deferred adjudication order. Since he failed to appeal that order, he procedurally defaulted his complaint related to these attorney fees. Therefore, we overrule this

8

point of error to the extent it complains of the trial court's assessment of attorney fees in the order of deferred adjudication.

However, since the State concedes that Moore was indigent as of the date of the adjudication hearing and that there was no determination by the trial court that he was able to pay the court-appointed attorney fees incurred in that proceeding, we find the trial court erred in assessing attorney fees incurred in that proceeding. We modify the trial court's judgment to reflect an assessment of $2,532.50 in court costs.

As modified, we affirm the judgment of the trial court.


Ralph K. Burgess
Justice


Date Submitted:     March 11, 2015
Date Decided:       March 31, 2015

Do Not Publish